■ THOMAS J. MURRAY, on Behalf of Himself and All Others Similarly Situated, Appellant, v ALLIED-SIGNAL, INC., Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff commenced this class action against defendant on behalf of himself and other property owners and alleges that defendant created a nuisance by the mining of a brine solution.

The trial court required the named plaintiff as well as the unnamed class members to respond to defendant's demand for a bill of particulars and reserved to defendant the right to seek discovery concerning the nature of the injury or harm allegedly suffered by each member of the class. Plaintiff appeals from that order, contending that it is premature to require particulars concerning the individual damages of class members until after the issues common to the class are determined. Ordinarily, discovery directed to absent members of the class is permitted where it is necessary and helpful to the correct determination of the principal suit. Although there is no hard and fast rule, the issue of damages sustained by the individual class members can usually be determined separately from the issues common to the class action. Thus, discovery of the issue of individual damages should be deferred until the determination of the issues central to the class action (see, Enterprise Wall Paper Mfg. Co. v Bodman, 85 FRD 325 [SD NY]; Spoon v Superior Ct., 130 Cal App 3d 735, 182 Cal Rptr 44; Danzig v Superior Ct., 87 Cal App 3d 604, 151 Cal Rptr 185; Annotation, Absent or Unnamed Class Members in Class Action in State Court as Subject to Discovery, 28 ALR4th 986; Annotation, Absent Class Members in Class Action Under Rule 23 of Federal Rules of Civil Procedure as Subject to Discovery, 13 ALR Fed 255).

Although a demand for a bill of particulars is not a discov-

ery device, it does serve to limit the parties' proof and subjects them to preclusion should they fail to respond. For the same reasons that discovery against unnamed class members is limited, a demand for a bill of particulars upon unnamed class members should also be limited.

Here, because the issue of individual damages has been severed for a separate trial to follow the trial on the issues common to the class, it would serve no purpose at this time to require plaintiff to serve a bill of particulars specifying the damages sustained by each class member. It would serve only to discourage and possibly preclude the unnamed members from further participation in the action.

Certain requests in the demand for a bill of particulars are appropriate to determination of the principal suit. Specifically, requests 1 through 12 are relevant to such determination. Those requests deal with the boundaries of the area involved; the location of the brine mining; the alleged acts of negligence and nuisance; the laws allegedly violated; the status of the class members; the source of water of the class members; and the description and extent of types of land, water, and air pollution which allegedly occurred. Those should be answered by the named plaintiff on behalf of himself and all other members of the class. There is no need to burden the unnamed class members with the cost of supplying those particulars or to impose the penalty of preclusion or dismissal should they fail to respond.

The requests numbered 13 through 22 pertain to the extent and nature of the injuries and damages to the individual members of the class. Neither the named plaintiff nor the unnamed members of the class should be required to respond to those requests insofar as they pertain to the unnamed class members; nevertheless, the named plaintiff should respond by giving the particulars concerning the injuries and damages that he sustained individually.

The remaining requests, 23 through 27, pertain to information necessary to certify a class action. The named plaintiff, but not the unnamed class members, should respond to those requests.

Our decision does not preclude defendant from serving a new demand for a bill of particulars at the appropriate time. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Discovery.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.