■ James Lamont Bryant, Respondent, v New York City Housing Authority, Appellant. [893 NYS2d 47]—

To vacate its default in opposing plaintiff's motion pursuant to CPLR 3126 to strike its answer, defendant was required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a]; *QRT Assoc., Inc. v Mouzouris*, 40 AD3d 326 [2007]; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [2007]). While a default resulting from law office failure may be excused (CPLR 2005), defendant's bare denial of receipt of the motion papers, and of a subsequent letter from plaintiff's counsel referring to the pending motion, was insufficient to rebut the proof that the motion papers were properly mailed and the presumption of receipt arising from that proof (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Grieco v Walker*, 8 AD3d 66 [2004]). Since defendant did not submit an affidavit of merit or argue that the deposition testimony in the record supported a valid defense to this slip and fall action based on lack of notice of a dangerous condition, the motion court properly determined that defendant had not shown a meritorious defense to the complaint (*see Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693, 694-695 [1983]).

Defendant's pattern of noncompliance with court-ordered disclosure over a period of over two years created an inference of willful and contumacious conduct warranting the sanction of striking the answer (*see Figiel v Met Food*, 48 AD3d 330 [2008]; *Brewster v FTM Servo, Corp.*, 44 AD3d 351 [2007]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.