[901 NYS2d 598]

Fish & Richardson, P.C., Respondent, v Randy Schindler, Appellant.

First Department, May 25, 2010

APPEARANCES OF COUNSEL

*Danzig Fishman & Decea*, White Plains (*Donald S. Campbell, Donald G. Davis* and *Jenifer J. Liu* of counsel), for appellant.

*Brown & Whalen, P.C.*, New York City (*Rodney A. Brown* and *Ryan J. Whalen* of counsel), for respondent.

## OPINION OF THE COURT

RICHTER, J.

This appeal brings up for review an order of Supreme Court that granted plaintiff's motion to strike defendant's answer for failing to comply with multiple court orders and discovery deadlines. CPLR 3126 provides that if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders . . . as are just." A court may strike an answer as a sanction where the moving party establishes that the failure to comply was "willful, contumacious or in bad faith" (*Rodriguez v United Bronx Parents, Inc.*, 70 AD3d 492, 492 [2010] [internal quotation marks and citation omitted]). Upon such showing, the burden "shifts to the non-moving party to demonstrate a reasonable excuse" (*Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [2004]).

"If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). Although actions should be resolved on the merits whenever possible, the efficient disposition of cases is not advanced by hindering the ability of the trial court to supervise the parties who appear before it and to ensure they comply with the court's directives (*see Arts4All, Ltd. v Hancock*, 54 AD3d 286, 287 [2008], *affd* 12 NY3d 846 [2009], *cert denied* 559 US —, 130 S Ct 1301 [2010]). Thus, a penalty imposed pursuant to CPLR 3126 should not be readily disturbed absent a clear abuse of discretion (*id.* at 286; *see Sawh v Bridges*, 120 AD2d 74, 79 [1986], *appeal dismissed* 69 NY2d 852 [1987]).

Here, Supreme Court did not abuse its discretion in striking defendant's answer based on a pattern of disobeying court orders and failing to provide discovery. Defendant's flouting of

his disclosure obligations began well before court involvement in this action. In August 2007, shortly after the complaint was filed, plaintiff served defendant with a request for documents, yet defendant failed to respond. At the preliminary conference held on December 20, 2007, the court issued an order directing defendant to answer that document request, and to produce certain insurance information, by January 16, 2008. Although defendant ultimately responded to the document demand, his response came two weeks after the deadline, and he never produced the insurance information. In a compliance conference order dated March 6, 2008, defendant was directed to respond to an interrogatory request and a second demand for documents by March 28 and April 11, 2008, respectively. Again, defendant ignored the court order and failed to provide any responses.

On May 8, 16 and 21, 2008, plaintiff's counsel sent e-mails to defendant's then-counsel, Lester Schwab Katz & Dwyer LLP (LSKD), requesting the outstanding discovery. Once more, no responses were provided. Defendant's recalcitrance resulted in LSKD's filing a motion to be relieved. In that motion, LSKD acknowledged that defendant owed responses to outstanding discovery orders, but stated that defendant had ignored repeated requests to assist the firm in preparing responses. Defendant filed no opposition to that motion and failed to appear in court on the return date. On July 31, 2008, the court granted LSKD's motion, directed defendant to retain new counsel, and ordered the parties to appear for a status conference on September 4, 2008. The order further provided that if defendant did not retain new counsel, he would "be deemed proceeding pro se and must provide plaintiff with his . . . residential address where service may be effected."

Despite having been served multiple times with the July 31 order, by both regular mail and certified mail, defendant failed to appear in court for the September 4 conference and ignored the court's order that he provide plaintiff with his residential address. Plaintiff subsequently moved for a default judgment and to strike the answer based upon defendant's nonappearance at the September 4 conference and his repeated failure to comply with court-ordered disclosure. In opposition, defendant claimed that he had cooperated fully with his former counsel throughout the litigation, but he still did not provide any of the outstanding discovery.

Upon this record, the motion court appropriately concluded that defendant's pattern of noncompliance with court orders

was willful, contumacious and in bad faith (*see e.g. Bryant v New York City Hous. Auth.*, 69 AD3d 488 [2010]). Defendant's failure to offer a reasonable excuse for his dilatory behavior further supported the court's finding of willfulness (*see B.E.N. Trading Corp. v Shirley Import, Inc.*, 68 AD3d 629 [2009]). First, defendant argued that he cooperated fully with discovery throughout the litigation, and blamed any noncompliance on LSKD, his former counsel. However, as the motion court noted, defendant did not file any opposition to LSKD's motion to be relieved and thus did not challenge the firm's claims that defendant had ignored his discovery obligations. Nor did defendant appear before the court on July 31, 2008 to contest the motion. Second, defendant's continued failure to provide the outstanding discovery in response to plaintiff's motion to strike belies any claim that it was his former lawyers who were to blame for his noncompliance with the court's orders.

Defendant's assertion that he did not recall receiving the July 31, 2008 order requiring his appearance on September 4 is difficult to accept in light of the affidavit of service stating that he was served by regular mail on August 6 and the affidavit of former counsel stating that he was served by certified mail on August 20. Defendant's mere denial of receipt does not rebut the presumption that proper service was effectuated (*see Grieco v Walker*, 8 AD3d 66 [2004]). Finally, defendant's claim that his delay in obtaining new counsel was caused by medications he was taking is unsupported by medical documentation and, in any event, does not explain why he violated multiple court orders throughout this litigation.

Defendant argues that it was an abuse of discretion for the court to strike the answer in the absence of a conditional order or a specific warning by the court that he faced imminent dismissal. Defendant points to no authority holding that a court must issue such a "last chance" warning or order in all cases before exercising its discretion to strike a pleading. CPLR 3126 permits the court to "make such orders . . . as are just," and it may, in an appropriate case, determine that the pattern of noncompliance is so significant that a severe sanction is appropriate. Such a determination should not be set aside absent a clear abuse of discretion (*see Arts4All*, 54 AD3d at 286).

There is no question that defendant was aware that his failure to comply with discovery orders could lead to the answer being struck. The preliminary conference order plainly stated that "failure to comply with any of these directives may result

in the imposition of costs or sanctions *or other action authorized by law*" (emphasis added). Defendant was further put on notice by the order issued at the September 4, 2008 status conference, which he failed to attend, outlining his discovery failures and specifically permitting plaintiff to move for a default judgment. Defendant can hardly complain about the lack of a warning when he did not show up at all for that conference and he already had been given an extended period to produce the withheld discovery. Finally, there can be no doubt that defendant was aware that his answer could be struck when he was served with plaintiff's motion seeking such relief. At that time, he could have provided the outstanding discovery in response to the motion, but he did not. Under these circumstances, defendant's continuing disregard of his discovery obligations warranted the court's striking the answer, and no further warning was required.

We have considered defendant's remaining contentions and find them unavailing.

Accordingly, the order of the Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 24, 2009, which granted plaintiff's motion to strike defendant's answer pursuant to CPLR 3126, awarded plaintiff judgment on liability, and referred the issue of damages to a special referee, should be affirmed, without costs.

TOM, J.P., MAZZARELLI, ACOSTA and DEGRASSE, JJ., concur.

Order, Supreme Court, New York County, entered March 24, 2009, affirmed, without costs.