■ DIEUDONNE MUBOYAYI, Appellant, v MONICA QUINTERO et al., Respondents. [24 NYS3d 642]—

Order, Supreme Court, Bronx County (Laura Douglas, J.), entered August 1, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion to strike the complaint pursuant to CPLR 3126 to the extent of striking the complaint unless plaintiff appeared for completion of his deposition by August 29, 2014, and order, same court (Betty Owen Stinson, J.), entered November 7, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion to strike the complaint due to plaintiff's failure to comply with the August 1, 2014 order, and dismissed the action, unanimously affirmed, without costs.

After plaintiff failed to comply with a court order mandating that his deposition be completed on March 20, 2014, and failed to provide a reasonable excuse for this failure, the court providently exercised its discretion in issuing the conditional order of preclusion (*see Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 220 [1st Dept 2010]; *Casas v Romanelli*, 232 AD2d 445 [2d Dept 1996]).

Although defendant's counsel promptly requested that plaintiff's counsel identify the dates on which plaintiff would be available to complete his deposition on or before the August 29 deadline set by the conditional order, plaintiff's counsel failed to respond. Instead, it was not until August 28 that plaintiff's counsel called defendant's counsel and advised him that he had unilaterally scheduled plaintiff's deposition for the deadline date of August 29. Defense counsel replied that he could not proceed with the deposition on such short notice and asked for a date on or before September 12. Plaintiff's counsel refused and did not respond to defense counsel's subsequent requests to reschedule.

On this record, the motion court correctly determined that plaintiff's counsel's conduct was egregious and that plaintiff failed to comply in good faith with the conditional order. Accordingly, the motion court "applied the correct legal standards, properly considered all the facts and circumstances of the case, and did not abuse [its] discretion in dismissing plaintiff['s] . . . action pursuant to CPLR 3126 (3)" (*Arts4All, Ltd. v Hancock*, 12 NY3d 846, 847 [2009], *cert denied* 559 US 905 [2010]). Concur—Friedman, J.P., Acosta, Andrias and Saxe, JJ.