Clark v Allen & Overy, LLP (2018 NY Slip Op 01558)





Clark v Allen & Overy, LLP


2018 NY Slip Op 01558


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


106717/11 5945A 5945

[*1] Deidre Holmes Clark, Plaintiff-Appellant,
v
Allen & Overy, LLP, Defendant-Respondent.


Deidre Holmes Clark, appellant pro se.
Proskauer Rose LLP, New York (Rachel S. Fischer of counsel), for respondent.



Orders, Supreme Court, New York County (Kathryn E. Freed, J.), entered August 19, 2016, which, inter alia, denied plaintiff's motion to renew defendant's motion to place the file under seal, denied as moot plaintiff's motion to reargue a September 29, 2015 compliance conference order setting forth "Additional Directives," and granted defendant's motions to dismiss the complaint pursuant to CPLR 3126 and for sanctions, and directed plaintiff to pay $5,000 to the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 130-1.1.(a) and to pay defendant its costs and attorneys' fees incurred in bringing the motion for sanctions, unanimously affirmed, without costs, as to plaintiff's motion to renew and defendant's motions, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Contrary to plaintiff's contention, she failed to comply with a court order that she undergo an independent medical examination (IME order). Plaintiff appealed from the IME order, and this Court affirmed (see Clark v Allen & Overy, LLP, 125 AD3d 497 [1st Dept 2015], lv dismissed 25 NY3d 1015 [2015], cert denied ___ US ___, 136 S Ct 553 [2015]). Nevertheless, plaintiff continued to refuse to schedule or sit for the IME. At a compliance conference held on September 29, 2015, the court ordered plaintiff to undergo an audiotaped IME on November 11, 2015, or face sanctions, including the dismissal of the complaint. On November 11, 2105, plaintiff appeared at the examiner's office. However, she refused to take the microphone to be audiotaped, and she informed the examiner that she would go to the police and charge him with false imprisonment and assault if he proceeded with the examination without her consent. The examiner stopped the examination. Under the circumstances, the court properly dismissed the complaint for noncompliance pursuant to CPLR 3126 (see generally Muboyayi v Quintero, 136 AD3d 497 [1st Dept 2016], lv dismissed in part, denied in part 27 NY3d 1046 [2016]).
The court properly imposed financial sanctions on plaintiff for frivolous conduct pursuant to 22 NYCRR 130-1.1. Defendant submitted evidence that plaintiff violated the court's sealing orders by posting about the case to her social media networks in an effort to "harass or maliciously injure [defendant]" (22 NYCRR 130-1.1[c][2]). Moreover, in her opposition to defendant's motion to strike the note of issue, plaintiff falsely represented that she had not refused to sit for the IME and that discovery had been waived (see 22 NYCRR 130-1[c][3]).
The denial of a motion for reargument is not appealable (Sicoli v Riverside Ctr. Parcel 2 Bit Assoc., LLC, 150 AD3d 607 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK