Harris v Kay (2019 NY Slip Op 00044)





Harris v Kay


2019 NY Slip Op 00044


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8003 17097/06

[*1]Fitzmore H. Harris, Plaintiff-Appellant,
v
Mitchell N. Kay, et al., Defendants-Respondents.


H. Fitzmore Harris, P.C., Bronx (Fitzmore H. Harris of counsel), for appellant.
Smith Carroad Levy Wan & Parikh, Commack (Riley Mendoza of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered February 3, 2017, which granted defendants' motion pursuant to CPLR 3126(3) to strike the complaint, unanimously affirmed, without costs.
The court did not abuse its discretion in striking the complaint, given plaintiff's repeated, willful and contumacious refusals to provide discovery and to comply with court's orders over an approximately eight-year period (see McHugh v City of New York, 150 AD3d 561, 562 [1st Dept 2017]; Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 221-222 [1st Dept 2010]; see generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]). Even if plaintiff's response to defendants' first set of interrogatories could be considered "timely" pursuant to the court's August 28, 2013 order, despite that the interrogatories were served more than six years prior, the response certainly does not "evince[] a good-faith effort to address the requests meaningfully" (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK