Jenny H.B. v C. Joel B. (2020 NY Slip Op 00818)





Jenny H.B. v C. Joel B.


2020 NY Slip Op 00818


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10936 306490/11

[*1] Jenny H.B., Plaintiff-Appellant,
v
C. Joel B., Defendant-Respondent.


Franklin S. Bonem, New York, for appellant.
Law Office of Nancy J. Dreeben, Garden City (Bryan A. McKenna of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Lori S. Sattler, J.), entered January 31, 2019, insofar as appealed from as limited by the briefs, bringing up for review an order, same court and Justice, entered on or about June 23, 2016, which, inter alia, granted defendant husband's motion to strike plaintiff wife's pleadings for failure to comply with discovery and referred the issues of equitable distribution and the counterclaim for divorce to the Office of the Special Referee to hear and report, unanimously affirmed, without costs.
The court did not abuse its discretion in striking the wife's pleadings (see e.g. Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]). The record shows that the wife did not comply with repeated discovery demands or explain why she was unable to do so. In any event, the record demonstrates that despite the fact that her pleadings had been stricken, the wife was allowed to testify and present evidence on the issues outside of the scope of the husband's direct testimony during the June 14, 2018 hearing. She was also permitted to call witnesses, but she declined.
Furthermore, the wife contends that she was not given an opportunity to present evidence because the court prevented her from testifying about her inability to work as an artist due to her hand injury and declined to admit certain documents into evidence. During the hearing, the wife testified that she received disability payments because she was permanently and completely disabled. In light of this permanent disability, she fails to explain how her attempts to earn income as an artist were relevant to the proceedings, especially since the husband was willing to pay her nondurational spousal maintenance. The wife also provides no explanation as to how the order striking her pleadings negatively impacted upon her ability to enter certain papers into evidence where the court reviewed them and declined to enter them as unenforceable and incomplete hearsay documents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK