O'Neal v Muchnick Golieb & Golieb, P.C. (2021 NY Slip Op 01854)





O'Neal v Muchnick Golieb & Golieb, P.C.


2021 NY Slip Op 01854


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 154898/13 Appeal No. 13451N Case No. 2020-02840 

[*1]Cynthia O'Neal etc., Plaintiff-Respondent,
v
Muchnick Golieb & Golieb, P.C., et al. Defendants-Appellants, The Good Service Company, Inc. etc., Nominal Defendant.


Lewis Brisbois Bisgaard & Smith LLP, New York (Mark K. Anesh of counsel), for appellants.
Boies Schiller Flexner LLP, New York (Harlan A. Levy of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 20, 2019, which denied defendants' motion to (i) strike the portions of plaintiff's Third Amended Responses and Objections to defendants' Second Set of Interrogatories (the Responses) that sought to assert new categories of damages and/or claims against defendants; and/or (ii) to preclude plaintiff from offering any evidence or testimony concerning those portions of the Responses; or (iii) to strike the above-entitled action from the trial calendar and vacate plaintiff's note of issue, upon the ground that discovery is not yet complete, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying the motion (see Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]). Plaintiff made clear in her pleadings that she was seeking to recover for defendants' alleged malpractice in representing her in the underlying lease assignment transaction, and that she would be seeking to recover attorneys' fees she was caused to expend after she terminated defendants. During discovery, plaintiff produced invoices billed to her by successor counsel, which included the fees at issue on this motion, for resolving certain construction and tax liabilities. Hence, defendants were aware of the general tenor of plaintiff's attorneys' fees claim, and specifically have long been in possession of all relevant invoices, including those for the disputed attorneys' fees claim. Although plaintiff eschewed any claim for the construction and tax liabilities, she never expressly stated that she would make no claim for the attorneys' fees she incurred in resolving those liabilities.
The motion court, which had long familiarity with this case, made no finding of willfulness in plaintiff's assertion of a claim for the subject fees in the last Responses. Nor is there any basis for disturbing the motion court's finding of no prejudice. Among other factors, in early September 2019, some five weeks before plaintiff filed her note of issue, her counsel made clear that she would be seeking attorneys' fees for all of the unredacted matters in the attorneys' fee invoices already produced, which included the subject construction and tax liability matters. Defendants had time to digest the invoices
and make any necessary follow-ups relating to the subject claims.
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021