Dabrowski v ABAX Inc. (2023 NY Slip Op 00725)

Dabrowski v ABAX Inc.

2023 NY Slip Op 00725

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 106778/07 Appeal No. 16980 Case No. 2022-00441 

[*1]Jerzy Dabrowski et al., Plaintiffs-Appellants,
v
ABAX Incorporated etc., et al., Defendants-Respondents. John Doe Bonding Companies 1-20, Defendants.

Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for appellants.
Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered November 19, 2021, which granted defendants' motion to dismiss class member, Piotr Nartowicz, from the action due to his failure to appear for deposition, unanimously affirmed, without costs.
Discovery from absent class members is generally permitted "where it is necessary and helpful to the correct determination of the principal suit" (Murray v Allied-Signal, Inc., 177 AD2d 984, 984 [4th Dept 1991]; see also Fishon v Peloton Interactive, Inc., 336 FRD 67 [SD NY 2020]; In re Warner Chilcott Sec. Litig., 2008 WL 344715, *2, 2008 US Dist LEXIS 7613, *4 [SD NY, Feb. 4, 2008]). However, here, it is undisputed that plaintiffs entered into a so-ordered stipulation allowing defendants to depose four to five absent class members. It is also undisputed that plaintiffs did not appeal from the motion court's order granting defendants' motion to compel the deposition of Piotr Nartowicz and denying plaintiffs' motion to preclude his deposition. Therefore, the motion court providently exercised its discretion in granting defendants' motion to dismiss absent class member Piotr Nartowicz from the action (see Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]; CPLR 3126). Nartowicz's continued failure to contact class counsel or appear for his noticed depositions over the course of 15 years of litigation, including depositions noticed pursuant to a so-ordered stipulation and those in which a signed certified mail return receipt was received, demonstrates willful or contumacious conduct warranting his dismissal from the action (see Rocco v KCL Protective Servs., 283 AD2d 317, 318 [1st Dept 2001]; see also Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004]). The law of the case doctrine is inapplicable, as defendants proffered new instances of Nartowicz's recalcitrance in failing to appear for a court-ordered deposition since their last motion to dismiss was denied by the motion court and affirmed by this Court (Dabrowski v ABAX Inc., 135 AD3d 489 [1st Dept 2016]).
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023