**McWilliams v Empire Agric. Sys., LLC**

2025 NY Slip Op 34409(U)

November 18, 2025

Supreme Court, New York County

Docket Number: Index No. 655727/2023

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

DAVID G. MCWILLIAMS, VDCA/NY LLC,

Plaintiffs,

- v -

EMPIRE AGRICULTURAL SYSTEMS, LLC, ADAM
VICTOR, GAS ALTERNATIVE SYSTEMS, INC., G.A.S.
ORANGE DEVELOPMENT, INC., JEFFREY GURAL,
FREDERICO POLSINELLI, JOHN DOE

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655727/2023 |
| **MOTION DATE** | 07/08/2025 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143

were read on this motion to                   STRIKE PLEADINGS                   .

David G. McWilliams and VDCA/NY LLC (together, "Plaintiffs"), individually and on

behalf of Empire Agricultural Systems, LLC ("Empire"), move for an Order pursuant to CPLR

3126 (i) striking the Verified Answer filed by Defendants, Adam Victor ("Victor"), Gas

Alternative Systems, Inc. ("Gas Alternative"), and G.A.S. Orange Development, Inc. ("Gas

Orange" and, collectively, "Defendants"); and (ii) awarding Plaintiffs their costs and fees

incurred in bringing the within motion. For the following reasons Plaintiffs' motion is denied

with respect to striking the answer but granted with respect to awarding fees and costs.

As relevant here, on March 19, 2025, Plaintiffs moved pursuant to CPLR 3124 to compel

Defendants to provide complete and proper responses to Plaintiffs' discovery demands (Mot.

Seq. 006).  Defendants did not oppose that motion.  By Decision and Order dated June 18, 2025,

the Court granted Plaintiffs' motion and ordered Defendants to provide complete and proper

655727/2023   MCWILLIAMS, DAVID G. ET AL vs. EMPIRE AGRICULTURAL SYSTEMS, LLC ET AL
Motion No.  007

Page 1 of 4

[* 1]

responses to Plaintiffs' discovery demands within fourteen (14) days of the date thereof—or by July 2, 2025 (NYSCEF 131).

On July 8, 2025, Plaintiffs filed the present motion, asserting that Defendants failed to cure the deficiencies in their discovery responses within the time set forth in the Court's order (*see* NYSCEF 134-136; NYSCEF 137 [Urbano Affirm] ¶24). Pursuant to CPLR 2214(b), Defendants' opposition to the motion was due no later than July 18, 2025. Defendants did not oppose the motion on or before July 18, 2025.

On July 24, 2025, Plaintiffs submitted a reply affirmation updating the Court that the Defendants provided revised discovery responses seven (7) days after the deadline set forth in the Court's Order, on July 9, 2025 which was the end date for all discovery (*id.* ¶16). Plaintiffs contend that the revised discovery responses remain deficient (*id.*).

Defendants filed an affirmation in opposition on the same date Plaintiffs submitted their reply. In their opposition, Defendants attribute the delay in providing the revised discovery responses to the July 4 holiday weekend (NYSCEF 143 [Rodriguez Affirm] ¶ 4). Although not an adequate excuse, Defendants contend that although their responses were submitted after the July 2, 2025 deadline, they were still provided before the end date for all discovery (*id.*). Defendants also filed a letter informing the Court that their delay in opposing the present motion was due to a medical emergency involving Defendants' counsel (NYSCEF 142).

### DISCUSSION

CPLR 3126 provides, in pertinent part, that if a party "refuses to obey an order for disclosure . . . the court may make such orders . . . as are just," including, among other things, "an order striking out pleadings or parts thereof." (CPLR 3126[3]). "CPLR 3126 permits the court to 'make such orders . . . as are just,' and it may, in an appropriate case, determine that the

655727/2023   MCWILLIAMS, DAVID G. ET AL vs. EMPIRE AGRICULTURAL SYSTEMS, LLC ET AL
Motion No.  007

Page 2 of 4

2 of 4

[* 2]

pattern of noncompliance is so significant that a severe sanction is appropriate. Such a determination should not be set aside absent a clear abuse of discretion" (*Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 222 [1st Dept 2010]; *see also Five Star Electric Corp. v Trustees of Columbia Univ.*, 238 AD3d 511 [1st Dept 2025] ["We give 'substantial deference' to the motion court's 'considerable discretion' to impose penalties pursuant to CPLR 3126, and 'absent clear abuse,' will not disturb such a penalty"]).

Here, while Plaintiffs have made a showing that Defendants have failed to timely comply with discovery deadlines and the Court's discovery orders, the Court does not find that this conduct warrants the "severe sanction" of striking Defendants' Answer. "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Rector v City of New York*, 174 AD3d 660, 660-61 [2d Dept 2019]). Ultimately, Defendants' delay in complying with the Court's June 2025 Order was only a matter of days—and their responses were provided before the deadline for all discovery. Accordingly, in light of the Court's preference to decide cases on the merits, the motion to strike is denied.

There should, however, be consequences for Defendants' dilatory behavior, which has led to two otherwise unnecessary and wasteful discovery-related motions. Pursuant to the parties' stipulation embodied in Section VIII of the Preliminary Conference Order (NYSCEF 73), and in the exercise of the Court's discretion, Plaintiff is awarded recovery of its reasonable fees and expenses incurred in connection with Motion Sequences 006 and 007.

Accordingly, it is

655727/2023   MCWILLIAMS, DAVID G. ET AL vs. EMPIRE AGRICULTURAL SYSTEMS, LLC ET AL
Motion No.  007

Page 3 of 4

3 of 4

**ORDERED** that Plaintiffs' Motion to Strike the Pleadings is **GRANTED IN PART AND DENIED IN PART** such that (i) the branch of the motion seeking attorneys' fees and costs is **granted**, and (ii) the branch of the motion seeking to strike Defendants' pleadings is **denied**, and; it is further

**ORDERED** that Plaintiffs are awarded attorneys' fees and costs reasonably incurred in connection with Motion Sequences 006 and 007; it is further

**ORDERED** that Plaintiffs may submit an application for attorneys' fees and costs with supporting documentation within fourteen (14) days of the date of this Order; and Defendants shall have fourteen (14) days thereafter to file any objections. Plaintiff shall notify the Court via letter filing on NYSCEF and by email when the application is complete and whether it is opposed or unopposed; and it is further

**ORDERED** that the Note of Issue be filed within ten (10) days of the date of this Order.

This constitutes the Decision and Order of the Court.

20251118095009MCOHEN5C8AC2334B064751B9892C3E1A935A9A

_____
**11/18/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655727/2023   MCWILLIAMS, DAVID G. ET AL vs. EMPIRE AGRICULTURAL SYSTEMS, LLC ET AL
Motion No. 007

Page 4 of 4

4 of 4

[* 4]