■ ZBIGNIEW FIGIEL, Appellant, v MET FOOD et al., Respondents. [851 NYS2d 524]—

Appeal from order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 21, 2006, which granted defendants' motion on default to strike the complaint and dismissed the action with prejudice, unanimously dismissed, without costs.

Although characterized as a default judgment, relief granted under CPLR 3126 (3) is directly appealable because such an order is made on notice, thus enabling the defaulting party to contest the motion (*Champion v Wilsey*, 150 AD2d 833, 834 [1989]). Here, however, the order was based on plaintiff's failure to oppose the motion. No appeal lies from an order entered on the default of an aggrieved party (CPLR 5511). Plaintiff's remedy was to move to vacate his default and, if that was denied, to appeal the order denying the motion to vacate (*see F.W. Myers & Co. v Owsley & Sons*, 192 AD2d 927 [1993]).

Were we to consider the issues raised, we would affirm. Dismissal of the complaint was a proper exercise of judicial discretion in light of plaintiff's long-standing pattern of noncompliance with court orders and discovery demands (CPLR 3126; *see Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]). Plaintiff's failure to offer a reasonable excuse for his noncompliance gives rise to an inference of willful and contumacious conduct (*Siegman v Rosen*, 270 AD2d 14 [2000]). Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.