■ Giovonnie Perez et al., Appellants, v City of New York et al., Respondents, et al., Defendant. New York City Housing

AUTHORITY, Third-Party Plaintiff-Respondent, v CHATTERJEE INTERNATIONAL CONTRACTING CORP. et al., Third-Party Defendants-Respondents. [944 NYS2d 553]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 14, 2011, which denied plaintiffs' motion for an order declaring the dismissal of the action null and void or vacating the dismissal, and substituting plaintiff Perez as administrator in place of plaintiff Velez, deceased, and granted defendants' separate cross motions to the extent they sought dismissal of the complaint pursuant to CPLR 3216, 3126 (3) and 1021, unanimously affirmed, without costs.

The action, commenced in 2001 by plaintiff Velez individually and as natural guardian of plaintiff Perez, arose out of a playground accident that occurred in 1999, when plaintiff Perez was 13 years old. In an order dated April 1, 2004, the IAS court stated that a motion by one defendant to dismiss the action as time-barred was granted as to plaintiff Velez, but inadvertently recited at the end of the order that the motion was denied. Velez died on May 12, 2005, by which time Perez had reached the age of majority and had capacity to appear for himself in the action (see CPLR 105 [j]; 1201). Perez did not inform his counsel of Velez's death until in or about March 2007.

Meanwhile, on November 7, 2005, the court had issued a notice pursuant to CPLR 3216 demanding that plaintiffs resume prosecution and file a note of issue within 90 days, and warning that default on the demand will serve as a basis for the court to dismiss the action on its own motion. Plaintiffs' counsel obtained two extensions of the deadline, but on June 4, 2007, the case was marked dismissed by the court pursuant to CPLR 3216 for failure to prosecute. Plaintiff Perez was eventually appointed administrator in November 2008, and moved in October 2010, three years after the order of dismissal, for an order of substitution and to have the case restored to the calendar. Plaintiff moved on grounds that the dismissal order was null and void. In the alternative, plaintiff maintained that he had shown justifiable excuse for the delay and a meritorious cause of action pursuant to CPLR 3216 (e).

Assuming arguendo that Velez's claim was not dismissed prior to her death, plaintiff Perez's excessive delay in seeking substitution after her death clearly warranted dismissal of the action as to Velez pursuant to CPLR 1021 (see Sanders v New York City Hous. Auth., 85 AD3d 1005 [2011]; Washington v Min

*Chung Hwan*, 20 AD3d 303 [2005]; *Palmer v Selpan Elec. Co.*, 5 AD3d 248 [2004]). Further, the action was properly dismissed as to plaintiff Perez for failure to prosecute pursuant to CPLR 3216 (a), and he failed to show a justifiable excuse for the failure to file the note of issue after two extensions were granted. It is settled that "the death of a party stays the action as to him or her pending the substitution of a legal representative, and any determination rendered without such a substitution is generally deemed a nullity" (*Hicks v Jeffrey*, 304 AD2d 618 [2003]; *see also Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820 [1985]; *see* CPLR 1015). Although the 90-day notice was issued after Velez died, neither the other parties nor the court were informed of her death for over five years. Further, plaintiffs' counsel continued to participate in the proceedings after Velez's death, and plaintiff Perez has failed to provide any reasonable excuse for his failure to communicate with his counsel for extended periods of time, or for the two-year delay in seeking substitution after he was finally appointed administrator of his mother's estate. Under all the circumstances, the court had jurisdiction to dismiss plaintiff's claims pursuant to CPLR 3216 (a) for failure to prosecute, and his motion to vacate pursuant to CPLR 3216 (e) was properly denied (*see Sanders*, 85 AD3d at 1006; *Anjum v Karagoz*, 48 AD3d 605, 605-606 [2008]; *Washington*, 20 AD3d at 305).

Alternatively, the court properly granted the cross motions to dismiss pursuant to CPLR 3126 (3), since the extended failure to comply with discovery orders warrants an inference of willful noncompliance (*see Bryant v New York City Hous. Auth.*, 69 AD3d 488 [2010]; *Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374, 375 [1990]), and the extensive delays in prosecuting the 11-year-old case have prejudiced the ability of defendants and third-party defendants to defend the action (*see Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128 [1998]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.