Blue Riv. Gems Inc. v S.V.&V. Diamond Corp. (2021 NY Slip Op 00364)





Blue Riv. Gems Inc. v S.V.&V. Diamond Corp.


2021 NY Slip Op 00364


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 151453/15 Appeal No. 12931-12931A-12931B Case No. 2020-01431 

[*1]Blue River Gems Inc., Plaintiff-Respondent,
v
S..&. Diamond Corp., Defendant, Michael Gross Diamonds Inc., Defendant-Appellant.


Ofeck & Heinze, LLP, New York (Mark F. Heinze of counsel), for appellant.
Weg & Myers, P.C., New York (Joshua L. Mallin of counsel), for respondent.



Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered January 16, 2019, in favor of plaintiff in the principal amount of $260,000.03, unanimously affirmed, with costs. Appeals from order, same court (David B. Cohen, J.), entered on or about January 3, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability as to its conversion claim, and from order, same court (Shlomo Hagler, J.), entered on or about December 14, 2018, which granted plaintiff's motion for summary judgment on damages, unanimously dismissed, without costs, as subsumed by the appeal from the judgment.
Plaintiff was properly awarded judgment on its claim for conversion of a gold and diamond necklace. We decline to consider defendant Michael Gross Diamonds Inc.'s (MGD's) argument that plaintiff sold the necklace in October 2013 because it is raised for the first time on appeal and relies on a document that was not before the court on the liability motion. To the extent MGD claims that plaintiff improperly concealed that document, the proper remedy would have been to move to vacate the liability order based on newly discovered evidence (see CPLR 5015[a][2]).
MGD's entrustment defense fails because MGD was not a "buyer in ordinary course of business" (see UCC 1-201(b)(9), 2-403[2]). If the account of defendant S.V.&V. Diamond Corp. (SVV) is credited, then MGD could not have acted in good faith because it would have essentially stolen the necklace that was given to it on consignment (see UCC 1-201[b][9]). If MGD's account is credited, then MGD would have admittedly accepted the necklace in partial satisfaction of a debt (see UCC 1-201[b][9]; Sherman v Roger Kresge, Inc., 67 Misc2d 178, 180 [County Ct, Broome County 1971], affd 40 AD2d 766 [3d Dept 1972]; Fleet Capital Corp. v Yamaha Motor Corp., U.S.A., 2002 US Dist LEXIS 18115, *56-62, 2002 WL 31174470, *17-18 [SD NY Sep. 26, 2002]) and would also have failed to investigate the provenance of the necklace despite the existence of "red flags" indicating possible problems with ownership (see UCC 1-201[9]; Dorothy G. Bender Found., Inc. v Carroll, 126 AD3d 585, 586-587 [1st Dept 2015], lv denied 26 NY3d 905 [2015]; Overton v Art Fin. Partners LLC, 166 F Supp 3d 388, 401 [SD NY 2016]).
MGD may not properly challenge the damages order on appeal because it was entered on default (see CPLR 5511; Figiel v Met Food, 48 AD3d 330, 330 [1st Dept 2008]).
MGD's proper remedy was to move to vacate the default and, if that was denied, to appeal the order denying the motion to vacate (see CPLR 5015[a][1]; Figiel, 48 AD3d at 330).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021