**East Dr. Hous. Dev. Corp. v Lawrence**

2024 NY Slip Op 30470(U)

February 12, 2024

Supreme Court, New York County

Docket Number: Index No. 161032/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**     PART     **42**

*Justice*

-----------------------------------------------------------------------------X

EAST DRIVE HOUSING DEVELOPMENT CORPORATION,

                Plaintiff,

         - v –

STEVEN M LAWRENCE, TIFFANY LAWRENCE and IMANI
MANAGEMENT, INC.

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161032/2022 |
| **MOTION DATE** | 02/01/2024 |
| **MOTION SEQ. NO.** | 010 011 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 129, 130, 131, 132, 133, 134, 135, 151

were read on this motion to/for              JUDGMENT - DEFAULT       .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 138, 139, 140, 141, 142, 143, 150

were read on this motion to/for              JUDGMENT - MONEY        .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 121, 144, 145, 146, 147, 148, 149, 152

were read on this motion to/for                DISCOVERY          .

     In this action arising from an alleged breach of a proprietary lease and breach of fiduciary duty, the plaintiff, East Drive Housing Development Corporation, seeks money damages for unpaid maintenance charges as well as declaratory and injunctive relief. As against defendants Steven Lawrence and Tiffany Lawrence, shareholders and proprietary lessees of Unit 3BC of the subject cooperative building at 205-207 East 124th Street in Manhattan, the plaintiff seeks a judgment declaring that the plaintiff properly terminated their lease for, *inter alia*, misappropriation of funds of the corporation and enjoining the Lawrences from selling the apartment without board approval, use and occupancy from the Lawrences for remaining in possession of the apartment without paying maintenance, money damages from Steven Lawrence for breach of his fiduciary duty as board treasurer, and money damages from defendant Imani Management, Inc., the property manager, for negligence and breach of

**161032/2022  EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,    Page 1 of 5
STEVEN M ET AL
Motion No.  010 011 012**

1 of 5

fiduciary duty in failing to monitor the allegedly improper conduct and money transfers by Steven Lawrence. Defendants Tiffany Lawrence and Imani Management have not answered.

The plaintiff previously moved pursuant to CPLR 3212 for partial summary judgment against defendant Steven Lawrence, seeking, *inter alia*, a judgment declaring that the shares of that defendant and defendant Tiffany Lawrence and their proprietary lease are canceled, a warrant of ejectment and judgment of possession of their unit and an order dismissing any affirmative defenses (MOT SEQ 006). The motion was denied for failure of proof.

The plaintiff's motion for*, inter alia*, use and occupancy (MOT SEQ 007), was granted in part by interim order dated August 16, 2023, and was otherwise withdrawn without prejudice. The obligation of defendant Steven Lawrence to pay use and occupancy of $1,628.00 per month was set forth therein and continues until a further order of this court. In an order dated September 6, 2023, the court denied without prejudice the plaintiff's first motion for leave to enter a default judgment against Tiffany Lawrence, allowing her additional time to answer as per the parties' stipulation (MOT SEQ 008). In the same order, the court deemed withdrawn without prejudice a motion by the plaintiff to modify the prior use and occupancy order to increase the amount to be paid by Steven Lawrence (MOT SEQ 009).

Discovery is ongoing between the plaintiff and defendant Steven Lawrence.

The plaintiff now moves (1) for a second time for leave to enter a default judgment against defendant Tiffany Lawrence (MOT SEQ 010), (2) for a money judgment against defendant Steven Lawrence in the sum of $6,512.00 for unpaid use and occupancy and an order directing that defendant post a bond for future use and occupancy ,and (3) an order extending the Note of Issue filing deadline and compel additional discovery in the form of documents, interrogatories and depositions. No opposition is submitted to any of these motions.

(1) "On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (see CPLR 3215[f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720)." Atlantic Cas. Ins. Co. v RJNJ Services, Inc., 89 AD3d 649 (2nd Dept. 2011). The proof submitted must establish a *prima facie* case.  See Silberstein v Presbyterian Hosp., 95 AD2d 773 (2nd Dept. 1983).  The plaintiff has

**161032/2022   EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL**   **Page 2 of 5**
**Motion No.  010 011 012**

[* 2]

met this burden. The motion is granted, without opposition, as to the causes of action alleged against defendant Tiffany Lawrence - the first cause of action, seeking declaratory relief that the Lawrence's proprietary lease was properly terminated, the fourth cause of action for injunctive relief enjoining an unauthorized sale of the apartment by the Lawrences, and the fifth cause of action for use and occupancy. The plaintiff's proof includes the complaint, verified by Avraham Chein, plaintiff's treasurer, and affidavit of Chen, demand letter, and a ledger for the Lawrence's unit showing an outstanding balance of $14,843.00 as of December 12, 2023. Having failed to answer, defendant Tiffany Lawrence is "deemed to have admitted all factual allegations in the complaint and all reasonable inferences that flow from them." Woodson v Mendon Leasing Corp., 100 NY2d 62, 70–71 (2003). However, in light of the nature of the relief sought against both Lawrence defendants, including termination of a lease held by both defendants and continuing money damages, the relief to be granted on this motion shall await disposition of the action as against defendant Steven Lawrence.

(2) In MOT SEQ 011, the plaintiff seeks a money judgment against Steven Lawrence in the sum of $6,512.00 for the unpaid use and occupancy for October, November and December 2023, and an order directing that defendant post a bond for future use and occupancy. In light of this court's order of August 16, 2023, the plaintiff is clearly entitled to recover this sum and any further unpaid use and occupancy, with interest. However, this motion is denied without prejudice to seek that sum and any further unpaid sums, with interest, upon any dispositive motion or at trial. In that regard, defendant Steven Lawrence is cautioned that continued occupancy of the subject premises is conditioned upon timely compliance with the court-directed payment of use and occupancy such that her failure to comply will result in ejectment from the premises. See Marbru Assocs. v White, 206 AD3d 562 (1st Dept. 2022); Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577 (1st Dept. 2012); Rose Assocs. v Johnson, 247 AD2d 222 (1st Dept. 1998). This is because "[a] party claiming a security interest in a lease must, as a condition for asserting its rights in the litigation, comply with the court's directions to maintain the status quo or lose its interest in the property." 61 West 62nd Owners Corp. v Harkness Apartment Owners Corp., 202 AD2d 345, 346 (1st Dept. 1994), citing 313 West 57 Rest. Corp. v 313 West 57th Associates, 186 AD2d 466 (1st Dept. 1992).

(3) In MOT SEQ 012, the plaintiff seeks an order extending discovery deadlines, including the Note of Issue filing deadline, and to compel defendant Steven Lawrence to produce documents and respond to interrogatories and to compel both Lawrences to appear for

**161032/2022 EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL**
**Motion No. 010 011 012**

**Page 3 of 5**

3 of 5

depositions. The motion was filed on December 24, 2023. Since that date, Steven Lawrence was deposed, and he provided some document discovery and responded to plaintiff's interrogatories. The court held a status conference and in the resulting order dated January 18, 2024, directed further document discovery and directed Tiffany Lawrence to appear for a deposition on April 2, 2024. The court extended the Note of Issue deadline to May 31, 2024, and scheduled an additional status conference for April 11, 2024. Therefore, this motion is largely moot. Any further discovery issues may be raised at the next conference.

The parties are reminded that CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" and that "a failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of the [pleading]." Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 (1st Dept. 1998); see CDR Creances S.A. v Cohen, 104 AD3d 17 (1st Dept. 2012); Reidel v Ryder TRS, Inc., 13 AD3d 170 (1st Dept. 2004). The court can infer willfulness from repeated failures to comply with court orders or discovery demands without a reasonable excuse. See LaSalle Talman Bank, F.S.B. v Weisblum & Felice, 99 AD3d 543 (1st Dept. 2012); Perez v City of New York, 95 AD3d 675 (1st Dept. 2012); Figiel v Met Food, 48 AD3d 330 (1st Dept. 2008); Ciao Europa, Inc. v Silver Autumn Hotel Corp., Ltd., 270 AD2d 2 (1st Dept. 2000). Furthermore, CPLR 3101(a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" and this language is "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 (1st Dept. 2009) quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 (1968). Depositions are a method of discovery and the failure to appear for or cooperate in the scheduling or taking of a deposition may be a basis for the imposition of sanctions under CPLR 3126. See Rocco v Advantage Securities & Protection Incorp., 283 AD2d 317 (1st Dept. 2001).

Accordingly, it is

ORDERED that the plaintiff's motion for leave to enter a default judgment against defendant Tiffany Lawrence (MOT SEQ 010) is granted, without opposition, on the issue of

**161032/2022   EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE, STEVEN M ET AL**
**Motion No.  010 011 012**

**Page 4 of 5**

liability, money damages and other relief to be determined at trial or on dispositive motion as against defendant Steven Lawrence, and it is further

ORDERED that the plaintiff's motion for a money judgment as against defendant Steven Lawrence for unpaid use and occupancy (MOT SEQ 011) is denied without prejudice, and it is further

ORDERED that the plaintiff's motion to extend the Note of Issue filing deadline and compel further discovery (MOT SEQ 012) is denied moot, without prejudice to raise any further discovery issues at the status conference scheduled for April 11, 2024, and it is further

ORDERED that the Clerk shall mark the file accordingly.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**2/12/2024**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161032/2022   EAST DRIVE HOUSING DEVELOPMENT FUND CORPORATION vs. LAWRENCE,          Page 5 of 5
STEVEN M ET AL
Motion No.  010 011 012**