# De L'ero v Nelson, Robinson & El Ashmway PLLC

2024 NY Slip Op 30529(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 152592/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**

*Justice*

PART 42

-----------------------------------------------------------------------------X

DARIO CIPOLLARO DE L'ERO,

Plaintiff,

- v –

NELSON, ROBINSON & EL ASHMWAY PPLC,
JOHNATHAN NELSON, JOHN AND JANE DOE

Defendants.

-----------------------------------------------------------------------------X

INDEX NO. 152592/2022

MOTION DATE 2-20-24

MOTION SEQ. NO. 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 89, 90, 91, 92, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106

were read on this motion to/for                STRIKE PLEADINGS                .

The plaintiff sues the defendants, lawyers who represented him in a family court or divorce matter, seeking damages upon a theory of legal malpractice. By an order dated December 22, 2022, the court denied the plaintiff's motion for a protective order in regard to a set of interrogatories as procedurally defective and without merit and granted the defendants' cross-motion to compel the plaintiff to respond to the interrogatories and serve a Bill of Particulars as his complaint is "largely bereft of facts." The court thereafter held several discovery conferences and set the final Note of Issue filing deadline as January 10, 2024. In a status conference order of that date, the court noted that discovery was not completed, without reasonable excuse, that the plaintiff had provided various excuses for failing to conduct discovery and the complaint was therefore "subject to dismissal pursuant to CPLR 3126 and 3216."   No Note of Issue was filed.

The defendants now move pursuant to CPLR 3124 and 3126 to strike the complaint for failure to provide discovery and pursuant to 22 NYCRR 130-1.1(a) for an order imposing sanctions on plaintiff's counsel based on the delays in conducting discovery. The plaintiff opposes the motion and cross-moves pursuant to 22 NYCRR 202.21(d) to extend the Note of Issue filing deadline and allow for depositions to be conducted, alleging that any delay should

**152592/2022  CIPOLLARO DE L'ERO, DARIO vs. NELSON, RIBINSON &EL ASHMAY PPLC ET AL**
**Motion No.  003**

**Page 1 of 4**

1 of 4

[* 1]

be excused based on, *inter alia,* health issues experienced by plaintiff's counsel and counsel's ex-wife and parents.

The plaintiff is reminded that CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" and that "a failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of the [pleading]." Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 (1st Dept. 1998); see CDR Creances S.A. v Cohen, 104 AD3d 17 (1st Dept. 2012); Reidel v Ryder TRS, Inc., 13 AD3d 170 (1st Dept. 2004). The court can infer willfulness from repeated failures to comply with court orders or discovery demands without a reasonable excuse. See LaSalle Talman Bank, F.S.B. v Weisblum & Felice, 99 AD3d 543 (1st Dept. 2012); Perez v City of New York, 95 AD3d 675 (1st Dept. 2012); Figiel v Met Food, 48 AD3d 330 (1st Dept. 2008); Ciao Europa, Inc. v Silver Autumn Hotel Corp., Ltd., 270 AD2d 2 (1st Dept. 2000). Furthermore, CPLR 3101(a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" and this language is "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 (1st Dept. 2009) quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 (1968). Depositions are a method of discovery and the failure to appear for or cooperate in the scheduling or taking of a deposition may be a basis for the imposition of sanctions under CPLR 3126. See Rocco v Advantage Securities & Protection Incorp., 283 AD2d 317 (1st Dept. 2001).

While the court is not unsympathetic to the ongoing personal problems alleged by the plaintiff's counsel, he has been given prior extensions to complete discovery for those reasons. Furthermore, the plaintiff's counsel supports these allegations only with the 2018 separation agreement he entered with his ex-spouse and a receipt from the FDNY for ambulance service provided to transport counsel to a hospital on December 13, 2023, after much of the delay had occurred and after the date of his client's rescheduled deposition, at which he again failed to show. The court further notes that at the time of the January 25, 2024, status conference, depositions were still not conducted and, according to the defendants in their opposition to the cross-motion, filed February 16, 2024, the plaintiff has still not provided an alternative date. As noted therein, the complaint was then subject to dismissal pursuant to CPLR 3126 and 3216.

**152592/2022   CIPOLLARO DE L'ERO, DARIO vs. NELSON, RIBINSON &EL ASHMAY PPLC ET AL**

**Motion No.  003**

**Page 2 of 4**

2 of 4

Therefore, the defendants' motion is granted to the extent that the complaint shall be dismissed pursuant to CPLR 3126 and 3216 unless the plaintiff completes all discovery and files a Note of Issue as set forth below.

The court declines to impose sanctions pursuant to 22 NYCRR 130-1.1(a) at this juncture. However, the denial of this branch of the defendants' motion is without prejudice to renewal. Plaintiff's counsel is reminded that he has a duty to his client to prosecute the case in a timely manner in accordance with the court's orders or, if he is unable to do so, to withdraw as counsel and allow new counsel to be retained.

In considering a motion seeking to extend the time to file a Note of Issue, the court "may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay [and] whether the moving party was in default before seeking the extension." Grant v City of New York, 17 AD3d 215, 217 (1st Dept. 2005) quoting Tewari v Tsoutsouras, 75 NY2d 1,12 (1989). Considering these factors, the plaintiff's cross-motion is granted to the extent that the Note of Issue deadline is extended to April 12, 2024, and that date shall not be extended. All discovery must be completed prior to that date or is deemed waived by the plaintiff. The plaintiff shall respond to all outstanding discovery demands on or before March 1, 2024, and appear for a deposition on or before March 15, 2024, and the defendants shall produce a witness for deposition on or before March 29, 2024. This order shall be self-executing, and become absolute upon plaintiff's failure to comply, without the necessity of further motion practice. See Standard Fire Ins. Co. v Federal Pac. Elec. Co., 14 AD3d 213 (1st Dept. 2004); Lopez v City of New York, 2 AD3d 693 (2nd Dept. 2003).

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion is granted to the extent that the complaint shall be dismissed unless the plaintiff completes all discovery and files a Note of Issue as directed herein, and this order shall be self-executing, and become absolute upon plaintiff's failure to comply, without the necessity of further motion practice, and it is further

ORDERED that the plaintiff's cross-motion is granted to the extent that the Note of Issue filing deadline is extended and the plaintiff shall file a Note of Issue on or before April 12, 2024, upon completion of all discovery, and that date shall not be further extended, and it is further

**152592/2022 CIPOLLARO DE L'ERO, DARIO vs. NELSON, RIBINSON &EL ASHMAY PPLC ET AL**
**Motion No. 003**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that the plaintiff shall respond to all outstanding discovery demands on or before March 1, 2024, and appear for a deposition on or before March 15, 2024, and the defendants shall produce a witness for deposition on or before March 29, 2024.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

2/20/2024
**DATE**

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |

152592/2022 CIPOLLARO DE L'ERO, DARIO vs. NELSON, RIBINSON &EL ASHMAY PPLC ET AL
Motion No. 003

Page 4 of 4

[* 4]

4 of 4