| **Abuzaid v Almayouf** |
| 2024 NY Slip Op 31445(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654536/2019 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. NANCY M. BANNON                          PART                61M
                                    *Justice*

-------------------------------------------------------------------------X

RAWAN ABDULLAH ABUZAID,                          INDEX NO.            654536/2019

                            Plaintiff,            MOTION DATE         11/21/2023

                  - v –                           MOTION SEQ. NO.        008

DANAH ALMAYOUF, DOES 1-10,                        **DECISION + ORDER ON
                                                       MOTION**

                            Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 179, 180, 181, 182, 183, 184, 188, 213, 219, 233, 237

were read on this motion to/for                              SANCTIONS                              .

## I.     INTRODUCTION

The plaintiff, Rawan Abdullah Abuzaid, commenced this action alleging defamation and tortious interference with prospective economic advantage by the defendant Danah Almayouf. The plaintiff now moves, pursuant to CPLR 3126, to sanction the defendant for failure to provide discovery. The plaintiff seeks an order that (i) precludes the defendant from presenting certain evidence or testimony in her defense; (ii) entitles the plaintiff to an adverse inference charge at trial; (iii) awards the plaintiff attorneys' fees and costs; and (iv) compels the defendant to hand over the devices she used to publish statements about the plaintiff and this action for forensic examination at the defendant's expense. In the alternative, the plaintiff seeks an order pursuant to CPLR 3124 that compels the defendant to (i) produce responsive documents and information that remain in her possession; and (ii) produce her electronic devices. The defendant opposes the motion. The motion is granted in part.

## II.     BACKGROUND

The plaintiff is a Saudi Arabian-born model professionally known as Model Roz, and social media influencer who now resides in the United States. The defendant, a self-described "social activist" who maintains multiple social media accounts on, *inter alia*, Instagram, Twitter,

Telegram, and WhatsApp, was born in Saudi Arabia and now resides in the United States. The plaintiff commenced this action on August 9, 2019, asserting three causes of action, numbered here as in the complaint, sounding in (1) defamation by libel, (2) defamation by slander, and (3) tortious interference with prospective economic advantage, and seeking monetary damages and a permanent injunction against the defendant. By a Decision and Order dated January 24, 2023, the court granted the plaintiff's motion for partial summary judgment as to the issue of liability on the first cause of action, with the issue of damages to be determined at trial (MOT SEQ 006).

The plaintiff served the defendant with a First Request for the Production of Documents and Things (the "Document Requests") on January 6, 2020. The 46 Document Requests demanded, *inter alia*, the production of: all documents concerning social media posts made by the defendant that mention the plaintiff; all documents concerning the defendant's attempts to discourage brands from working with the plaintiff; all videos, including any different versions thereof, made by the defendant concerning the plaintiff; and all communications in which the defendant alleged that the plaintiff is a prostitute, homophobic, racist, and receives financial support from the Saudi Arabian government. The Document Requests stated that these were to be considered continuing demands under CPLR 3101(h), and that the defendant was to supplement her responses with additional documents as necessary.

After an extended delay, the defendant finally served her Responses and Objections to the Document Requests (the "Defendant's Responses") on July 20, 2020, which included a 2000-page document dump. The defendant's responses were sparse, contained many unsupported objections, and included numerous representations of document production that would later prove inaccurate or incomplete. For example, the defendant purported to, but did not in fact disclose all of her social media posts concerning the plaintiff. Similarly, she falsely claimed to have produced a comprehensive list of her social media accounts and usernames. As part of her response, the defendant stated that all of the videos she made concerning the plaintiff were posted in Instagram and claimed not to have the originals of these video files nor any of the additional videos demanded, which was not true. The defendant denied that she attempted to discourage brands or businesses from working with the plaintiff or that she ever stated on a social media post that the plaintiff engaged in prostitution.

Thereafter, the plaintiff served the defendant with a deficiency letter. When she did not respond, the plaintiff moved to compel further discovery, and the defendant cross-moved for a

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**                              **Page 2 of 8**
**Motion No.  008**

2 of 8

protective order (MOT SEQ 002). The court held a preliminary conference on August 27, 2021, and by an order of that date directed further document discovery and depositions. The motion and cross-motion were withdrawn by stipulation.

At her deposition on January 28, 2022, the defendant revealed, *inter alia* that: she had not produced every statement she made about the plaintiff on social media; she had accounts on Snapchat, Telegram, WhatsApp, Facebook, and a second Twitter account not previously revealed; she had not conducted a search of certain social media accounts, including WhatsApp, for conversations regarding the plaintiff; although she produced some of the messages she sent to brands who had deals with the plaintiff, she had not disclosed the responsive communications she received from those brands; her Instagram and Snapchat accounts were at one point suspended, disabled, or deleted and she had not produced her communications with these platforms about reinstating the accounts; and she had deleted information relevant to this dispute from her social media accounts after this case had already commenced, including from her Telegram account, which she used to discuss the plaintiff and this action. The plaintiff thereupon demanded the production of any and all responsive documents not previously produced, including her active communications about the plaintiff and this action. The defendant agreed to produce the outstanding documents.

On February 11, 2022, the plaintiff sent the defendant a letter documenting the defendant's failure to produce requested discovery responsive to the Document Requests and demanding that the defendant produce for forensic examination the electronic devices she used to publish statements about the plaintiff. The defendant replied on February 16, 2022, informing the plaintiff that she had "completely lost access" to her Snapchat and Instagram accounts and the materials stored on those accounts, and that she nonetheless was refusing to produce her electronic devices for forensic examination.

The plaintiff thereupon moved to vacate the Note of Issue and Certificate of Readiness, which she had filed on February 17, 2022 (MOT SEQ 005). By Decision and Order dated July 18, 2022, the court granted the plaintiff's motion, struck the Note of Issue, and ordered that any post-deposition discovery demands that remained outstanding be responded to by August 16, 2022, that any failure to comply may result in a preclusion order or other sanction pursuant to CPLR 3126, and that the plaintiff file a new Note of Issue by August 20, 2022 (the "Court Order").

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**                                      **Page 3 of 8**
**Motion No.  008**

3 of 8

In a letter sent to the defendant on July 22, 2022, the plaintiff set forth the defendant's outstanding discovery obligations. The defendant responded on August 16, 2022, by sending the plaintiff an incomplete supplemental production and an accompanying letter informing the plaintiff that the defendant would not be producing all outstanding discovery because of "safety concerns." A Note of Issue was not filed by the August 20, 2022, deadline.

The plaintiff filed the instant motion on January 19, 2023. In support of her motion, the plaintiff submits, *inter alia*: the affidavit of her counsel, David I. Greenberger; the relevant pleadings; the defendant's deposition transcript; the plaintiff's Document Requests; the Defendant's Responses to those Document Requests; communications between counsel for the parties regarding the outstanding discovery in dispute; and various social media posts made by the defendant subsequent to the defendant's deposition regarding the plaintiff, plaintiff's counsel, and this case.

In response, the defendant submits[1] a memorandum of law and further supplemental disclosures, including, *inter alia*, an updated collection of social media posts, links to YouTube videos, communications with Twitter and Instagram to restore access to the defendant's accounts, and emails the defendant sent to brands including Bulgari and Moschino in an attempt to discourage their participation with the plaintiff.

Before the motion was decided, the defendant removed this action to the United States District Court for the Southern District of New York by filing a Notice of Removal on September 6, 2023. This action was remanded back to this court by order that court (Laura Taylor Swain, J.) dated October 2, 2023, and the instant motion was restored and submitted for decision by an order dated November 21, 2023.

---

[1] The court notes that the defendant's opposition papers were filed on February 7, 2023, the initial return date of the instant motion. As clearly stated in the plaintiff's Notice of Motion, CPLR 2214(b) requires a party to submit answering papers at least seven days prior to the return date. Nonetheless, pursuant to CPLR 2004, the court will consider the defendant's answering papers since, having been given the opportunity to file a reply, the plaintiff was not prejudiced by the late opposition.

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**                    **Page 4 of 8**
**Motion No.  008**

[* 4]

III.     DISCUSSION

CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" and that "a failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of the [pleading]." Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 (1st Dept. 1998); see CDR Creances S.A. v Cohen, 104 AD3d 17 (1st Dept. 2012); Reidel v Ryder TRS, Inc., 13 AD3d 170 (1st Dept. 2004). The court can infer willfulness from repeated failures to comply with court orders or discovery demands without a reasonable excuse. See LaSalle Talman Bank, F.S.B. v Weisblum & Felice, 99 AD3d 543 (1st Dept. 2012); Perez v City of New York, 95 AD3d 675 (1st Dept. 2012); Figiel v Met Food, 48 AD3d 330 (1st Dept. 2008); Ciao Europa, Inc. v Silver Autumn Hotel Corp., Ltd., 270 AD2d 2 (1st Dept. 2000).  Pursuant to CPLR 3124, the court may compel compliance upon failure of a party to provide discovery.

The plaintiff's submissions establish that the limited supplemental responses furnished by the defendant following her deposition are deficient in multiple respects. The defendant testified at her deposition that she uses WhatsApp to discuss the plaintiff, plaintiff's counsel, and this matter, but has produced none of her WhatsApp communications. Regarding Telegram, the plaintiff's submissions establish that the defendant produced only 66 out of 3,563 relevant messages despite having agreed to provide these communications after her deposition and having been directed to do so by the prior Court Order. Similarly, the defendant produced only 5 additional Instagram posts, mostly from December 2022, even though the plaintiff's submissions demonstrate that the defendant was posting relevant material on Instagram throughout 2022. The plaintiff's submissions also establish that the defendant's Twitter account, "@dndnma", which was first disclosed in the Defendant's Responses in July 2020, is currently listed as having been created in May 2021. Furthermore, the defendant's second Twitter account, "@bydndnma", which was first disclosed at the defendant's deposition on January 29, 2022, is currently listed as having been created in June 2022. These discrepancies indicate that the defendant may have deleted these accounts along with any relevant information that was stored within them. Indeed, the defendant's supplemental disclosures include an email demonstrating that the defendant deactivated one of these Twitter accounts in or around May 2021, thereby permanently removing that account from Twitter's system. The defendant also testified at her

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**                          **Page 5 of 8**
**Motion No.  008**

5 of 8

deposition that she used iMovie to create videos about the plaintiff that she posted to social media, but she has failed to produce the original iMovie video files or associated metadata.

The plaintiff's submissions further establish that the defendant has continued to post disparaging remarks on social media about the plaintiff, plaintiff's counsel, and this case during the pendency of this litigation, but has failed to adequately supplement her document production to include these posts, many of which were found by the plaintiff as a result of her own due diligence. The defendant's argument that these posts need not be disclosed because they are publicly accessible is unavailing, as it is the defendant's obligation to provide supplemental production if her initial production is no longer complete. See CPLR 3101(h). The defendant's purported safety concerns in withholding production are similarly unavailing, as the defendant has not filed for a protective order under CPLR 3103. Furthermore, the defendant agreed to produce these materials following her deposition and, more importantly, was required to do so by the court's order.

There is a clear pattern of the defendant delaying the production of required documents, producing insufficient documents, and continuing to post disparaging remarks on social media about the plaintiff, plaintiff's counsel, and this case. Therefore, the branch of the plaintiff's motion to compel the defendant to produce outstanding responsive documents and information is granted and any document or information demanded by the plaintiff and/or ordered by the court to be turned over, that remain in her possession, shall be provided in 30 days. This includes, but is not limited to, posts on Twitter and Instagram, communications on Telegram and WhatsApp, all responsive communications with social media platforms, and all relevant video files, including iMovie files and other assorted metadata. To the extent that there are responsive documents that have been lost due to deletion, failure to preserve communications, automatic deletion resulting from the time sensitive nature of certain social media platforms, or because the defendant no longer has access to certain social media accounts, the defendant is compelled to identify such documents that have been lost and/or destroyed. The defendant is further compelled to provide her electronic devices for forensic examination, which shall be conducted by an expert designated by the plaintiff, at the defendant's sole expense. Should relevant documents that have been lost and/or destroyed prove unrecoverable, the plaintiff may be entitled to an adverse inference at trial, though the court does not impose such a sanction at this juncture.

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  008**

Page 6 of 8

Upon any failure of the defendant to fully and timely comply with this order, the plaintiff may submit an affirmation of non-compliance to the court and the defendant shall be precluded from offering any evidence not produced in any dispositive motion or trial. This order shall be self-executing and will become absolute upon the defendant's failure to comply with the court's directives, without the necessity of further motion practice. The defendant is further cautioned that any non-compliance with this order may also result in additional sanctions pursuant to CPLR 3126 and 22 NYCRR 130-1.1(a), *which include striking of the answer and entry of a default judgment.*

Further, in light of the prior history of this matter and the defendant's recalcitrance and frivolous conduct occasioning this motion (22 NYCRR 130-1.1[a]), the plaintiff is entitled to recover from the defendant the attorney's fees and costs incurred on this motion. The plaintiff may submit supplemental papers to establish the fees and costs incurred.

Any relief not expressly granted herein is denied, without prejudice.

## IV.    CONCLUSION

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the motion of the plaintiff, Abdullah Abuzaid, for, *inter alia*, sanctions pursuant to CPLR 3126, is granted to the extent that the defendant, Danah Almayouf, shall, within thirty (30) days of the date of this order: (1) produce all outstanding responsive documents and information demanded by the plaintiff and/or ordered by the court, that remain in the defendant's  possession, including, but not limited to, posts on Twitter and Instagram, communications on Telegram and WhatsApp, all responsive communications with social media platforms, and all relevant video files, including iMovie files and other assorted metadata, and (2) identify any and all responsive documents that have been lost and/or destroyed due to deletion, failure to preserve communications, automatic deletion due to the time sensitive nature of certain social media platforms, or because the defendant no longer has access to certain social media accounts; and it is further

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  008**

**Page 7 of 8**

7 of 8

ORDERED that the defendant shall provide any electronic devices she used to publish statements about the plaintiff, plaintiff's counsel, and/or this action for forensic examination by an expert chosen by the plaintiff, which examination shall be at the defendant's expense, and that these electronic devices shall be produced within thirty (30) days of the date of this order or upon notice of the identification of the plaintiff's expert, whichever is later; and it is further

ORDERED that upon any failure to comply with this order, the defendant shall be precluded from offering in her defense on any dispositive motion or at trial, any evidence not so produced, and this order shall be self-executing and will become absolute upon the plaintiff's submission of an affirmation of non-compliance to the court, without the necessity of further motion practice, and the motion is otherwise denied without prejudice, and it is further

ORDERED that the plaintiff shall, within thirty (30) days of the date of this order, file supplemental papers to demonstrate the attorney's fees and costs incurred on this motion, and shall notify the Part 61 Clerk of any such filing, and it is further

ORDERED that, upon the completion of all discovery, including all discovery directed herein, the plaintiff may file a Note of Issue on or before July 26, 2024, and it is further

ORDERED that the plaintiff shall serve a copy of this order with notice of entry upon the defendant by overnight mail service, certified mail and e-mail, if available, within 10 days of the date of this order.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **4/19/2024** | |
| DATE | NANCY M. BANNON, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
Motion No.  008

Page 8 of 8

[* 8]