| Abuzaid v Almayouf |
|:---:|
| 2025 NY Slip Op 30036(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654536/2019 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. NANCY M. BANNON** | PART | 61M |
| | *Justice* | | |

-------------------------------------------------------------------------------X

RAWAN ABDULLAH ABUZAID,

                        Plaintiff,

                 - v -

DANAH ALMAYOUF, DOES 1-10,

                       Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654536/2019 |
| MOTION DATE | 09/16/2024 |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 012) 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 348, 349, 350, 351, 352, 353

were read on this motion to/for                             SANCTIONS               .

## I.    INTRODUCTION

In this action sounding in defamation and tortious interference with economic advantage, the plaintiff, Rawan Abdullah Abuzaid, moves pursuant to CPLR 3126 to sanction the defendant, Dana Almayouf, for failure to provide discovery. The defendant opposes the motion. The motion is granted in part.

## II.    BACKGROUND

This case arises from the defendant's social media posts disparaging the plaintiff. Both the plaintiff, a model and social media influencer professionally known as Model Roz, and the defendant, a self-described "social activist," were born in Saudi Arabia and currently reside in the United States. The plaintiff commenced this action on August 9, 2019, asserting three causes of action sounding in (1) defamation by libel, (2) defamation by slander, and (3) tortious interference with prospective economic advantage. By an order dated January 24, 2023, the court granted the plaintiff's motion for partial summary judgment as to liability on the first cause of action, with the issue of damages to be determined at trial (MOT SEQ 006). The remaining two causes of action were severed and continued.

By an order dated April 19, 2024, and entered on April 23, 2024 ("The April Order"), the court granted the plaintiff's prior motion, pursuant to CPLR 3126, to sanction the defendant for failure to provide discovery (MOT SEQ 008). That decision, with which the court assumes the

**654536/2019 ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No. 012**

Page 1 of 8

1 of 8

parties' familiarity, sets forth in detail the relevant factual and procedural history of this case, including the defendant's lengthy pattern of willful noncompliance with discovery demands and court orders, and continued posting, during the pendency of this litigation, of disparaging remarks on social media about the plaintiff, plaintiff's counsel, and this case.

The April Order directed the defendant, within thirty (30) days, to: (1) produce all outstanding responsive documents and information demanded by the plaintiff and/or ordered by the court that remained in her possession, including social media messages and posts, communications with social media platforms, and relevant video files; and (2) identify responsive documents that had been lost due to deletion or loss of access to certain social media accounts. The court further ordered the defendant to (3) turn over to the plaintiff for forensic review any electronic devices she used to publish statements about the plaintiff, and that these electronic devices were to be produced within thirty (30) days of the date of the court's order or upon notice of the identification of the plaintiff's expert, whichever was later.

The April Order provided that "upon any failure to comply with this order, the defendant shall be precluded from offering in her defense on any dispositive motion or at trial, any evidence not so produced, and this order shall be self-executing and will become absolute upon the plaintiff's submission of an affirmation of non-compliance to the court, without the necessity of further motion practice[.]" The court further expressly warned the defendant that "any non-compliance with this order may also result in additional sanctions pursuant to CPLR 3126 and 22 NYCRR 130-1.1(a), *which include striking of the answer and entry of a default judgment*" (emphasis in the original). Additionally, the April Order determined that, "in light of the prior history of this matter and the defendant's recalcitrance and frivolous conduct occasioning this motion (22 NYCRR 130-1.1[a]), the plaintiff is entitled to recover from the defendant the attorney's fees and costs incurred on this motion."

The instant application, filed on July 22, 2024, seeks to further sanction the defendant for her failure to comply with the April Order and her continued disparagement on social media of the plaintiff and the court. Specifically, the plaintiff seeks an order (i) striking the defendant's answer, (ii) entering default judgment in the plaintiff's favor, and (iii) awarding the plaintiff her attorneys' fees and costs in connection with this motion. The plaintiff submits an attorney affirmation wherein counsel avers that the defendant has not complied with any aspect of the April Order, having failed to produce any outstanding documents or information, identify any responsive documents that have been lost and/or destroyed, or produce any electronic devices

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  012**

**Page 2 of 8**

2 of 8

[* 2]

for forensic examination. The plaintiff also submits a letter from plaintiff's counsel to defense counsel, dated April 29, 2024, identifying the plaintiff's forensic expert, and an email from the forensic expert to plaintiff's counsel, dated May 30, 2024, advising that the defendant had neither contacted the expert nor produced any electronic devices for examination. Additionally, the plaintiff submits copies of two of the defendant's social media posts responding to the April Order, dated April 22, 2024, and May 21, 2024, respectively. In those posts, the defendant calls the plaintiff a "prostitute" and implies that the plaintiff and/or the plaintiff's father are seeking to "jail" her. She further disparages the court, which she identifies by name, as "corrupt," "pett[y]," "bias[ed]," and "not sane," and expressly states that she will not comply with the directive to produce her electronic devices for examination, stating that she "will never give [the plaintiff] any device" and "no phone, forget it! No laptop, forget it! I swear to God, I won't give it[.]"

The defendant, in opposition, does not dispute that she has not complied with the April Order, but contends, *inter alia*, that her non-compliance should be excused because she is a pro se litigant and she does not trust the plaintiff with her electronic devices due to safety concerns arising from the plaintiff's purported connections to the Saudi Arabian government.

### III.    DISCUSSION

CPLR 3126 authorizes the court to sanction a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." Such sanction may include "an order striking out pleadings or parts thereof, . . . or rendering a judgment by default against the disobedient party." CPLR 3126(3). A failure to comply with discovery, particularly after a court order has been issued, may constitute the "dilatory and obstructive, and thus contumacious, conduct warranting the striking of [a pleading]." Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 (1st Dept. 1998); see CDR Creances S.A. v Cohen, 104 AD3d 17, 26-27 (1st Dept. 2012); Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 (1st Dept. 2004). The court can infer willfulness from repeated failures to comply with court orders or discovery demands without a reasonable excuse. See LaSalle Talman Bank, F.S.B. v Weisblum & Felice, 99 AD3d 543, 543 (1st Dept. 2012); Perez v City of New York, 95 AD3d 675, 677 (1st Dept. 2012); Figiel v Met Food, 48 AD3d 330, 330 (1st Dept. 2008); Ciao Europa, Inc. v Silver Autumn Hotel Corp., 270 AD2d 2, 3 (1st Dept. 2000).

The plaintiff's submissions establish, and the defendant does not dispute, that the defendant has not complied with the April Order. As noted, the April Order provided that "upon any failure to comply with this order, the defendant shall be precluded from offering in her

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  012**

**Page 3 of 8**

[* 3]

defense on any dispositive motion or at trial, any evidence not so produced, and this order shall be self-executing and will become absolute upon the plaintiff's submission of an affirmation of non-compliance to the court[.]" The defendant, having failed to comply, is now so precluded.

The April Order also detailed at length the defendant's clear pattern of delay, non-compliance with discovery demands and court orders, and continued posting, during the pendency of this litigation, of disparaging remarks on social media about the plaintiff, plaintiff's counsel, and this case. The defendant's non-compliance with the April Order, for which, as discussed below, she offers no reasonable excuse, as well as her social media posts disparaging the plaintiff and the court and expressly stating her refusal to comply with the court's directives, are a continuation of this pattern and constitute the willful and contumacious conduct warranting the striking of her answer. See CDR Creances S.A. v Cohen, supra; LaSalle Talman Bank, F.S.B. v Weisblum & Felice, supra; Perez v City of New York, supra; Henderson-Jones v City of New York, 87 AD3d 498, 504-05 (1st Dept. 2011); Figiel v Met Food, supra; Reidel v Ryder TRS, Inc., supra; Ciao Europa, Inc. v Silver Autumn Hotel Corp., supra; Kutner v Feiden, Dweck & Sladkus, supra. Indeed, the court expressly warned the defendant that "any non-compliance with [the April Order] may also result in additional sanctions pursuant to CPLR 3126 and 22 NYCRR 130-1.1(a), *which include striking of the answer and entry of a default judgment*" (emphasis in the original). See Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 222-223 (1st Dept. 2010) ("There is no question that defendant was aware that his failure to comply with discovery orders could lead to the answer being struck.").

The excuses proffered by the defendant for her failure to comply are unavailing. That the defendant is currently without counsel does not excuse her conduct as "[p]roceeding pro se is not a license to ignore court orders, engage in dilatory and obstructive conduct or malign officers of the court." Couri v Siebert, 48 AD3d 370, 371 (1st Dept. 2008). In any event, the defendant was represented by counsel throughout most of this litigation, including from December 10, 2019, to July 24, 2023, and from April 25, 2024, to June 3, 2024. The defendant was thus represented by counsel from two days after entry of the April Order through the entirety of the period provided by the April Order for the additional production and disclosure directed therein.

The defendant's present contention that the production of her electronic devices would jeopardize her safety or the safety of others was previously considered and rejected in connection with the April Order. In that order, the court expressly found that "[t]he defendant's

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  012**

**Page 4 of 8**

4 of 8

purported safety concerns in withholding production are . . . unavailing, as the defendant has not filed for a protective order under CPLR 3103" and because "the defendant agreed to produce these materials following her deposition and, more importantly, was required to do so by the court's order." The defendant's purported safety concerns ring especially hollow in light of her apparent refusal to produce *any* additional outstanding discovery in response to the April Order, including responsive materials containing no potentially sensitive information, such as her already public social media posts.

The defendant has thus repeatedly failed to comply with court orders, been afforded multiple opportunities to bring herself into compliance, and received multiple warnings regarding the potential consequences of her failures to do so. She has, nevertheless, chosen to continue not to comply, without reasonable excuse. This is the very definition of willfulness and warrants the striking of the defendant's answer. See CPLR 3126(3); LaSalle Talman Bank, F.S.B. v Weisblum & Felice, supra; Henderson-Jones v City of New York, supra; Fish & Richardson, P.C. v Schindler, supra; Kutner v Feiden, Dweck & Sladkus, supra.

The court has already granted the plaintiff summary judgment as to liability on its first cause of action. As to the remaining two causes of action, the answer having been stricken, the defendant "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages." Rokina Optical CO., Inc. v Camera King, Inc., 63 NY2d 728, 730 (1984); see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878 (1985); Ramos v Stern, 100 AD3d 409 (1st Dept. 2012); Cillo v Resjefal Corp., 13 AD3d 292 (1st Dept. 2004). In her complaint, the plaintiff seeks damages of no less than $5 million on each of her causes of action as well as injunctive relief restraining future speech by the defendant. An inquest is required to determine the issue of damages on the plaintiff's three causes of action. Any remaining request for injunctive relief is denied without prejudice to seek additional relief after issuance of a Report from the Referee or Judicial Hearing Officer and an order confirming or rejecting the Report (CPLR 4403). .

At an inquest, a defendant is generally entitled to contest damages and to offer proof on that issue. See Law Firm of Ravi Batra, P.C., v Rabinowich, 77 AD3d 532 (1st Dept. 2010); Toure v Harrision, 6 AD3d 270 (1st Dept. 2004). Here, the defendant is precluded, by virtue of the self-executing April Order, from using any undisclosed documents in her defense on any issue, including damages, thus further limiting her role at the inquest. Additionally, a negative

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  012**

**Page 5 of 8**

5 of 8

[* 5]

inference will be drawn as to any evidence that was demanded by the plaintiff and not produced by the defendant per the court's orders.

Further, in light of the prior history of this matter and the defendant's recalcitrance and frivolous conduct occasioning this motion (22 NYCRR 130-1.1[a]), the plaintiff is entitled to recover from the defendant the attorney's fees and costs incurred on this motion (MOT SEQ 012), the amount of which shall also be determined at the inquest.

## IV.     CONCLUSION

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the plaintiff's application pursuant to CPLR 3126 is granted to the extent that the defendant's answer is stricken and the plaintiff is entitled to recover from the defendant the attorney's fees and costs incurred on this motion, and the application is otherwise denied without prejudice; and it is further

ORDERED that the plaintiff shall file a Note of Issue on or before January 20, 2025, and it is further

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this Court on the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose:

(1) the issue of the amount of damages the plaintiff may recover on her three causes of action for defamation by libel, defamation by slander, and tortious interference with prospective economic advantage;

(2) the issue of the amount of attorneys' fees and costs incurred by the plaintiff on the present motion (MOT SEQ 012), which the plaintiff may recover from the defendant;

and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**     **Page 6 of 8**
  **Motion No.  012**

6 of 8

[* 6]

Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that plaintiff shall serve a proposed accounting within 24 days from the date of this order and the defendant shall serve objections to the proposed within 20 days from service of plaintiff's papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR 4320[a]) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issues specified above shall proceed from day to day until completion; and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts (22 NYCRR 202.44); and it is further

ORDERED that the plaintiff shall serve a copy of this order on the defendant within 20 days; and it is further

ORDERED that the Clerk shall mark the file accordingly.

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**
**Motion No.  012**

**Page 7 of 8**

7 of 8

[* 7]

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**1/6/2025**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654536/2019   ABDULLAH ABUZAID, RAWAN vs. ALMAYOUF, DANAH**                    **Page 8 of 8**
**Motion No.  012**

8 of 8

[* 8]