■ ROGELIO ROMAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [832 NYS2d 528]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 3, 2006, which denied plaintiffs' motion for sanctions and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Rogelio allegedly sustained injuries while roller skating on one of the pathways in Central Park. Plaintiffs moved for discovery sanctions and defendants cross-moved for summary judgment based on the lack of prior written notice, pursuant to New York City Administrative Code § 7-201.

Defendants' cross motion, made while discovery was still ongoing despite the note of issue having been filed, was timely (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104 [2006]). The court's determination that a moving party has established good cause for delay (*see e.g. Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124 [2000]) will be overturned only if there has been an improvident exercise of discretion. Plaintiffs were unable to show that the municipal defendants had prior written notice of the alleged defect in the pathway (Administra-

tive Code § 7-201 [c]), or that any of defendants created the defect through their own affirmative negligence.

The foregoing renders academic plaintiffs' claim that defendants failed to comply with discovery. Were we to reach that issue, we would find it without merit. The drastic sanction of striking pleadings is justified only when the moving party shows conclusively that the failure to disclose was wilful, contumacious or in bad faith (*see Christian v City of New York*, 269 AD2d 135, 137 [2000]). Plaintiffs failed to meet this burden. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.