■ JAMES COURI, Respondent-Appellant, v JOHN SIEBERT et al., Appellants-Respondents. [853 NYS2d 296]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered February 21, 2007, which denied defendants' motion to strike the complaint for failure to comply with discovery orders of a Special Referee and denied plaintiff's cross motion seeking summary judgment striking defendants' answer and counterclaims, unanimously modified, on the law, to the extent of granting defendants' motion and dismissing the complaint and, except as so modified, affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Supreme Court improvidently exercised its discretion in denying defendants' motion to strike the complaint. In June 2005, Hon. Harold Beeler referred defendants' motion to compel production of documents, together with all discovery issues raised therein, to Special Referee Louis Crespo. After conducting hearings, the Special Referee issued an order, dated March 16, 2006, directing plaintiff to produce documents, including income tax returns, for various businesses under his control. Despite issuance of three more orders over the ensuing three months to produce the tax returns or provide releases enabling defendants to obtain them, the Special Referee was unable to procure plaintiff's compliance. Defendants' motion to strike the complaint and plaintiff's cross motion for summary judgment ensued.

Rather than rule on the merits of defendants' motion, Supreme Court referred the matter to a second Special Referee, who "directed the parties to comply with specific discovery requests." The court denied defendants' motion, reasoning that "the discovery issues have been addressed in the decision of Special Referee Bernard Fields." Plaintiff's cross motion was denied on the ground that summary judgment had previously been denied by Justice Beeler, and his decision was "law of the case."

Justice Beeler referred defendants' motion to compel document production as well as "ALL PRE-NOTE DISCOVERY, INCLUDING ALL DISCOVERY CONFERENCES" to Special Referee Crespo. It is clear from the Special Referee's issuance of orders disposing of discovery motions that the order of reference was to hear and determine (CPLR 4311). There is no indication that Justice Beeler's order was withdrawn or that Special Referee Crespo was unable to continue to supervise discovery so as to require the appointment of a successor referee (CPLR 4314). Thus, as a matter of comity, the matter should have been referred to Special Referee Crespo so as to avoid abrogating a standing order issued by a court of coordinate jurisdiction (CPLR 2221 [a]; *see Mears v Chrysler Fin. Corp.*, 243 AD2d 270, 272 [1997]; *George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 488-489 [1965] [a breach of comity is not to be tolerated because it would "lead to unseemly conflicts of decision and to protracting the litigation" (citations and internal quotation marks omitted)]). The same considerations of judicial economy underlying the Individual Assignment System strongly militate in favor of referring all discovery issues to the referee designated to decide them (*see Clearwater Realty Co. v Hernandez*, 256 AD2d 100 [1998]).

Plaintiff has failed to allege, let alone demonstrate, that he complied with four orders directing him to take necessary measures to enable defendants to obtain the tax returns they sought. Plaintiff's conduct in this litigation has been "dilatory, evasive, obstructive and ultimately contumacious" (*Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374, 374 [1990]) and, in the absence of any semblance of an excuse for his noncompliance with defendants' legitimate discovery demands, warrants striking his pleading (CPLR 3126 [3]). Plaintiff pro se has engaged in frivolous, defamatory and prejudicial conduct that includes multiple actions against Dr. Siebert and his counsel, ex parte communications with the court and the Special Referee, voluminous and unnecessary motion practice, unresponsive papers disparaging the Special Referee, defendants, their attorney and their accountant, and invidious attacks on Dr. Siebert's professional standing by way of communications with his colleagues and other third parties.

The courts are not obliged to indulge the excesses of a pro se litigant at the expense of decorum, judicial economy and fairness to opposing parties. Proceeding pro se is not a license to ignore court orders, engage in dilatory and obstructive conduct or malign officers of the court.

We find the medical excuse plaintiff proffered for his behavior

to be uncompelling. The extent to which he was incapacitated by treatment for a malignant melanoma is not discernible from the record. In any event, it does not excuse his failure to perform the ministerial act of signing tax waivers at a time he was obviously capable of preparing lengthy communications to the Special Referee. Nor is there any suggestion that plaintiff was financially incapable of retaining counsel to assist him. Rather, it is apparent that his obstuctive conduct was calculated to impede examination of the merits of defendants' counterclaims alleging that plaintiff defrauded them out of millions of dollars, an inquiry that plaintiff would be understandably eager to avoid (*see United States v Gilbert*, Fed Sec L Rep ¶ 98,244, at 91,607-91,609, 1981 WL 1662, \*8, 10 [SD NY 1981], *affd* 668 F2d 94 [1981], *cert denied* 456 US 946 [1982] [guilty pleas to share price manipulation, two counts of making false statements to a bank]; *United States v Gilbert*, 504 F Supp 565 [1980]; *Securities & Exch. Commn. v Gilbert*, 82 FRD 723 [SD NY 1979]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.