Appeal from order, Supreme Court, New York County (Karen S. Smith, J.), entered April 27, 2009, to the extent it struck the answer of Meltzer/Mandl Architects, unanimously dismissed in light of our further disposition herein. Order, same court and Justice, entered November 6, 2009, which, to the extent appealed from, denied said defendant’s motion to vacate the prior order and reinstate its answer, unanimously reversed, on the law, without costs, the motion granted, and the answer reinstated, on condition that said defendant’s attorney pay $3,500 to plaintiffs’ counsel within 30 days of service of a copy of this order with notice of entry.
Given the specific facts of this case and New York’s strong preference for disposing of cases on the merits, Meltzer/Mandl should have been allowed to interpose its answer (Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [2002]). Flaintiffs concede that Meltzer/Mandl complied with the discovery demands of all parties, except for answering interrogatories.
However, several of Supreme Court’s compliance orders on which plaintiffs rely did not even note defense counsel’s presence, so it remains unclear whether Meltzer/Mandl was aware of those orders. While a lack of knowledge alone does not excuse noncompliance, the record does not reveal whether Meltzer/ Mandl willfully, contumaciously or in bad faith disregarded any discovery orders (see Roman v City of New York, 38 AD3d 442 [2007]).
Defense counsel affirmed that since January 2009 he has been traveling between New York and Kentucky to deal with his *485 stepson’s serious injuries suffered during a military deployment to Iraq. He further affirmed that he was under the impression that an attorney in his firm had in fact answered the interrogatories. When counsel was apprised of the oversight, he provided answers to plaintiffs’ interrogatories within two days. Furthermore, plaintiffs have failed to demonstrate that they have been prejudiced. Concur—Andrias, J.E, Saxe, Friedman, Nardelli and Acosta, JJ.