■ JAMES COURI, Appellant, v JOHN SEIBERT et al., Respondents. [47 NYS3d 328]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2016, which, inter alia, denied plaintiff's motion seeking an order striking defendants' answer and disqualifying defense counsel, imposed sanctions against plaintiff for frivolous motion practice, and dismissed the complaint due to a failure to appear at a mandatory court conference, unanimously affirmed, with costs.

The court providently declined to grant pro se plaintiff's motion seeking to strike defendants' answer and disqualify defendants' defense counsel. As observed by the motion court, plaintiff filed a motion without the requisite prior permission, an edict twice imposed upon him, failed to comply with Rule 130, and failed to make a showing as to what, if any, discovery was outstanding. Plaintiff's motion seeking disqualification of counsel was, at best, frivolous, and warranted the imposition of sanctions, particularly in light of plaintiff's course of conduct throughout litigation (see Couri v Siebert, 48 AD3d 370 [1st Dept 2008]).

The court also correctly dismissed the complaint for failure to appear at a status conference (22 NYCRR 202.27 [b]). Although plaintiff argues on appeal that his health prevented him from appearing, this Court has already determined that his constant reliance upon his health as an excuse for noncompliance is unavailing (see Couri).

We have considered plaintiff's remaining contentions for affirmative relief and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.