## O'Rourke v Hammerstein Ballroom

2024 NY Slip Op 32971(U)

August 22, 2024

Supreme Court, New York County

Docket Number: Index No. 161427/2019

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 49M

-------------------------------------------------------------------------X

JACK O'ROURKE,

               Plaintiff,

         - v -

HAMMERSTEIN BALLROOM, MANHATTAN CENTER
STUDIOS INC., and AEG PRESENTS, LLC

               Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161427/2019 |
| **MOTION DATE** | 07/09/2024, 07/09/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83

were read on this motion to/for             **DISMISS**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 82, 84, 85

were read on this motion to/for             **DISMISS**

     In this slip-and-fall action, defendants AEG Presents, LLC ("AEG," MS 001) and Hammerstein Ballroom/Manhattan Studios Inc. ("Hammerstein," MS 002) separately move via orders to show cause for discovery sanctions against plaintiff Jack O'Rourke due to plaintiff's repeated failure to appear at court-ordered EBTs. Defendants ask for sanctions pursuant to CPLR 3120, 3124, and 3126, including dismissal of the complaint; striking the complaint; precluding plaintiff from offering testimony or evidence in support of his claims; monetary sanctions; and anything else just and proper. Plaintiff opposes both motions. For the reasons below, defendants' motions are granted, and plaintiff's complaint is dismissed.

     Juliann Murphy brought this slip-and-fall case in 2019 on behalf of her minor son, plaintiff Jack O'Rourke, to recover for his injuries and her loss of companionship (NYSCEF # 1, Original Complaint). O'Rourke is over 18 years old now and has replaced his mother as the named plaintiff in this case (NYSCEF #s 32 - 36). His mother's claims have been discontinued with prejudice (NYSCEF # 32).

161427/2019   JACK O'ROURKE vs. HAMMERSTEIN BALLROOM, MANHATTAN CENTER
STUDIOS, INC AND AEG PRESENTS, LLC.
Motion No. 001 002

Page 1 of 6

Starting in 2022, the court began holding discovery conferences with the parties and scheduled plaintiff's deposition no less than 9 times. The first eight proceeded mostly the same way:

1. Pursuant to a conference on November 19, 2021, the court ordered plaintiff to appear for deposition on January 17, 2022 (NYSCEF # 15, Nov. 22, 2021 Conference Order, ¶ 3). Plaintiff evidently did not appear.

2. Pursuant to a conference on March 14, 2022, the court ordered plaintiff to appear for deposition on or before June 24, 2022 (NYSCEF # 19, Mar. 15, 2022 Conference Order, ¶ 3). Plaintiff evidently did not appear.

3. Pursuant to a conference on June 23, 2022, the court ordered plaintiff to appear for deposition on or before September 28, 2022 (NYSCEF # 28, Jun. 23, 2024 Conference Order, ¶ 4). Plaintiff evidently did not appear (*see also* NYSCEF # 65, Transcript of July 3, 2024 scheduled deposition, at 3:14 – 22).

4. Pursuant to a conference on October 19, 2022, the court ordered plaintiff to appear for deposition on or before January 12, 2023 (NYSCEF # 30, Oct. 19, 2022 Conference Order, ¶ 3). Plaintiff evidently did not appear (*see also* NYSCEF # 65 at 3:23 – 4:3).

5. Pursuant to a conference on February 15, 2023, the court ordered plaintiff to appear for deposition on or before June 2, 2023 (NYSCEF # 31, Feb. 17, 2023 Conference Order, ¶ 3). Plaintiff evidently did not appear (*see also* NYSCEF # 65 at 4:5-8).

6. Pursuant to a conference on June 7, 2023, the court ordered plaintiff to appear for deposition on or before August 29, 2023 (NYSCEF # 35, Jun. 8, 2023 Conference Order, ¶ 2). Plaintiff evidently did not appear (*see also* NYSCEF # 65 at 4:9-13).

7. Pursuant to a conference on October 4, 2023, the court ordered plaintiff to appear for deposition on or before January 16, 2024 (NYSCEF # 36, Oct. 4, 2023 Conference Order, ¶ 2). Plaintiff evidently did not appear (*see also* NYSCEF # 65 at 4:14-18).

8. Pursuant to a conference on January 24, 2024, the court ordered plaintiff to appear for deposition on or before April 15, 2024 (NYSCEF # 37, Jan. 24, 2024 Conference Order, ¶ 1). Plaintiff evidently did not appear (*see also* NYSCEF # 65 at 4:19-23).

The ninth and final time, at a conference on May 1, 2024, plaintiff's counsel apologized for the above failures and explained that unspecified "extrinsic issues" had caused him and his firm to continuously drop the ball (*see* NYSCEF # 69, Pl's Opp Aff to AEG's OSC, ¶ 45; NYSCEF # 82, Pl's Opp Aff to Hammerstein's OSC, ¶

**161427/2019  JACK O'ROURKE vs. HAMMERSTEIN BALLROOM, MANHATTAN CENTER STUDIOS, INC AND AEG PRESENTS, LLC.**     **Page 2 of 6**
**Motion No.  001 002**

2 of 6

45 [same]). Giving counsel the benefit of the doubt, this court gave plaintiff one more chance: appear for deposition on or before June 28, 2024, or else defendants would be "permitted to file for sanctions by OSC, including for preclusion" (NYSCEF # 38, May 1, 2024 Conference Order, ¶¶ 1 - 2).

Despite this sanctions language, plaintiff would fail to appear for deposition *three more times* between May 1 to the present. First, in an email dated the same day as the May 1, 2024 conference, defendant AEG offered the parties June 24, 27, and 28 for plaintiff's deposition (NYSCEF # 45, Emails at 8). While plaintiff's counsel responded that he was forwarding the email "to [his] calendar person" who would "respond shortly," plaintiff never followed up or confirmed a deposition date (*id.*). Two months later, on June 26—just two days before the June 28 deadline—defendant Hammerstein emailed all parties asking to confirm that the deposition would go on June 28 (*id.* at 7). At 2:32 pm that same day, AEG sent an email saying that "nobody confirmed, and we no longer have Friday open" (NYSCEF 46 at 1).

The next day, June 27, 2024, at 8:55 am, AEG sent another email retracting its previous message and confirming that June 28 would work (NYSCEF # 45 at 7). Yet plaintiff's counsel, who had never confirmed any date at all, emailed back at 2:10 pm saying that they "were ready, but took this off tomorrow's calendar" based on AEG's now-retracted email (*id.* at 5). Plaintiff's counsel further stated that "the handling attorney is in NYC at a mediation this afternoon and we will not be able to proceed tomorrow under the circumstances" (*id.*). In his briefs opposing these motions, plaintiff's counsel clarifies that due to the mediation, he "could not meet with the plaintiff to prepare him for a deposition the following day" (*see* NYSCEF # 69 ¶ 41 [underline in original]; NYSCEF # 82 ¶ 41 [same]). This constituted the first of the three latest failure to appear.

Second, in response to the above communication failures, plaintiff's counsel offered July 3, 5, or 9 as alternative dates (NYSCEF # 45 at 5). AEG responded that "the order said on or before tomorrow [June 28]," and that both defendants had "tried to secure dates over the last 2 months but did not receive any response from your office until 2:10 today" (*id.*). AEG's counsel went on to state, "[w]e are holding 7/3 for your clients deposition but intend on moving by OSC as per the last Order if it is adjourned again" (*id.*). AEG appears to be speaking on behalf of both defendants in this email, although admittedly it is not entirely clear. Regardless, Hammerstein did not individually respond until July 2.

On July 2, both defendants sent multiple emails confirming the July 3 deposition (*id.* at 3-4). Plaintiff's counsel responded by trying to cancel, claiming that only AEG's counsel had confirmed July 3 (*id.* at 3). Plaintiff's counsel explained that he had been in a deposition "all day" and had only just learned that both defendants were available, and that unfortunately he was "no longer available for tomorrow" (*id.*). Plaintiff's counsel asked both defense firms to provide availability for the next 30 days (*id.*).

Defendants refused to consent to additional adjournment, citing to the May 1st order (*id.* at 2). They instead went ahead with the deposition as scheduled (*id.*). Plaintiff predictably did not appear, and so defendants recounted on the record each of the court orders and plaintiff's failures to appear (*see generally* NYSCEF # 65). Both defendants would go on to file orders to show cause for sanctions, as allowed by the court's prior order (*see* NYSCEF # 67, Hammerstein OSC; NYSCEF # 68, AEG OSC).

Third and final, before plaintiff filed a response (and indeed before one of the defendants filed its motion), the parties appeared for one final status conference on July 10, 2024 (NYSCEF # 66, Jul. 10, 2024 Conference Order). The court did not order the deadline to be extended after that conference. Instead, after hearing from both parties, the court informed plaintiff's counsel that he had until the return dates of the motions to appear for deposition and fix this. Instead, on August 1, 2024, plaintiff filed his oppositions (*see* NYSCEF # 69; NYSCEF # 82). There is no indication that plaintiff was deposed.

Briefing in these motions finished August 9, 2024. Plaintiff filed identical oppositions to both motions. The oppositions gave absolutely no excuse for the repeated failures to appear, instead claiming that plaintiff's counsel could not make the June 28 date because, due to the mediation on June 27, he "could not meet with the plaintiff to prepare him for a deposition the following day" (*see* NYSCEF # 69 ¶ 41 [underline in original]; NYSCEF # 82 ¶ 41 [same]). Plaintiff's counsel did not explain his failure to appear on July 3 or any other time over the past two years, or why he failed to prepare his client any time during the previous two months despite claiming to be "ready, willing, and able to appear on June 28" (*see* NYSCEF # 69 ¶ 46; NYSCEF # 82 ¶ 46). At most, he claims he has participated in discovery in other respects, and therefore deserves "another opportunity to appear for his deposition" (NYSCEF # 69 ¶¶ 44-47; NYSCEF # 82 ¶¶ 44-47).

## Discussion

CPLR 3126 (3) provides that if a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just," including "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party." In addition, a monetary sanction of an award of reasonable attorneys' fees and costs is appropriate under CPLR 3126 to compensate counsel for time expended related to a failure to provided discovery (*Maxim, Inc. v Feifer*, 161 AD3d 551, 554 [1st Dept 2018] ["A monetary sanction, including costs and counsel fees, may be imposed under the statutory language in CPLR 3126 ...."][internal citations omitted]).

161427/2019   JACK O'ROURKE vs. HAMMERSTEIN BALLROOM, MANHATTAN CENTER STUDIOS, INC AND AEG PRESENTS, LLC.
Motion No.  001 002

Page 4 of 6

4 of 6

"The drastic sanction of striking pleadings is justified only when the moving party shows conclusively that the failure to disclose was willful, contumacious or in bad faith" (*Roman v City of New York*, 38 AD3d 442 [1st Dept 2007][citation omitted]); *see also, Marks v Vigo*, 303 AD2d 306 [1st Dept 2003] [noting that "[i]n view of the strong preference in our law that actions be decided on their merits... a court should not resort to the drastic remedy of striking a pleading for failure to comply with discovery directives unless the noncompliance is established to be both deliberate and contumacious"]; *cf Couri v Siebert*, 48 AD3d 370 [1st Dept 2008] [holding that plaintiffs "dilatory, evasive, obstructive, and ultimately contumacious conduct" warranted striking his complaint] [internal citations omitted]). At the same time, "[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kilh v Pheffer*, 94 NY2d 118, 123 [1999]).

Here, the appropriate sanction is dismissing plaintiff's complaint. If one credits plaintiff's counsel's account of the discovery issues after May 1, 2024, then from his perspective, he failed to prepare his client for deposition for two months (May 1 - June 26) despite being "ready, willing, and able to appear on June 28" (*see* NYSCEF # 69 ¶¶ 41, 46; NYSCEF # 82 ¶¶ 41, 46). Presumably, he planned to meet with and prepare his client on June 27th. Yet as soon as he saw AEG's cancellation email at 2:32 pm on June 26, he chose to take the deposition off his calendar rather than push for it to go forward as *ordered* by the court on the penalty of sanctions (*see* NYSCEF # 38). He then cancelled the planned June 27 client preparation meeting, *and then*, at 2:32 in the afternoon, scheduled a mediation for the very next day. Taking the charitable view that plaintiff's counsel is telling the truth, his actions reflect a serious lack of judgment which, when combined with two years, eight previous disregarded orders, and another two subsequent failures to appear for deposition, reflects a willful—if not brazen—and contumacious disregard for this court's orders, necessitating serious sanctions.

And this is the charitable view. Under any less charitable view, plaintiff's counsel's story is so wildly unrealistic that can only imply that plaintiff was never ready for deposition on June 28 or any date and was never set to be prepared. Plaintiff's counsel's actions and representations smack of gamesmanship, which this court does not condone. In view of plaintiff's counsel's lack compliance with the most recent order giving him one more opportunity to move this case forward, coupled with his longstanding non-compliance with nine orders equaling nine other opportunities to move this case forward, plaintiff's counsel's inaction shows the lack of seriousness in the prosecution of this case. The sanction befitting the lackadaisical handling of this case is dismissal of plaintiff's complaint.

Thus, whether charitable or uncharitable, plaintiff has been willfully and contumaciously violating this court's orders for two years. Moreover, it is important to note that this is a slip-and-fall case, and therefore plaintiff's testimony is central

**161427/2019   JACK O'ROURKE vs. HAMMERSTEIN BALLROOM, MANHATTAN CENTER STUDIOS, INC AND AEG PRESENTS, LLC.**
**Motion No.  001 002**

Page 5 of 6

5 of 6

[* 5]

to the discovery and the allegations. Merely precluding evidence will not suffice. Plaintiff's complaint is dismissed.

### Conclusion

Accordingly, it is

ORDERED that defendant Hammerstein Ballroom and Manhattan Center Studios, Inc. (MS 002) and defendant AEG Presents, LLC (MS 001) separate motions for sanctions and to dismiss the complaint are granted MS 002); and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the complaint accordingly in favor of defendants; and it is further

ORDERED that defendants shall serve a copy of this Decision and Order with notice of entry on the Clerk of the Court in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page and on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision and Order of the court.

|  | | |
|---|---|---|
| __08/22/2024__ | | |
| DATE | | MARGARET A. CHAN, J.S.C. |

| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|
| | [X] GRANTED  [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

161427/2019   JACK O'ROURKE vs. HAMMERSTEIN BALLROOM, MANHATTAN CENTER
STUDIOS, INC AND AEG PRESENTS, LLC.
Motion No.  001 002

Page 6 of 6