Fifth Partners LLC v Foley (2025 NY Slip Op 06277)

Fifth Partners LLC v Foley

2025 NY Slip Op 06277

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 161105/21|Appeal No. 5178|Case No. 2025-03351|

[*1]Fifth Partners LLC, Plaintiff-Respondent,
v
Joseph W. Foley et al., Defendants-Appellants, Punch House Flatiron LLC, Defendant.

Joseph W. Foley, appellant pro se.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 25, 2025, which denied the motion of defendants Joseph W. Foley and Nada Vasilijevic, pro se, to vacate the judgments entered against them in favor of plaintiff pursuant to CPLR 5015(a)(3), unanimously affirmed, without costs.
The order denying pro se defendants' motion for vacatur of the judgments under CPLR 5015(a)(3) complied with CPLR 2219(a). Despite its brevity, the court's order clearly stated that it was adopting the arguments made by plaintiff in its papers in opposition to the motion. This provided defendants with sufficient detail as to the basis for denial of the motion (see Ruderman v City of New York, 142 AD3d 863, 863 [1st Dept 2016], lv denied 28 NY3d 913 [2017] ["CPLR 2219(a) provides the court with broad leeway as to the form of the order"] [internal quotation marks omitted]).
The motion court correctly declined to disturb the judgments, which this Court previously affirmed (Fifth Partners LLC v Foley, 227 AD3d 543 [1st Dept 2024]). The "new evidence" presented by defendants "does not refute the essential findings of the trial court" (Weinstock v Handler, 251 AD2d 184, 184 [1st Dept 1998], lv dismissed 92 NY2d 946 [1998]). The email communications concerning a purported settlement between the parties, which defendants contend were "concealed," were included in the appendix filed in connection with the appeal from the judgments. In any event, those emails do not reflect that the parties reached any agreement with respect to the security deposit or waiver of the requirements of the good guy guaranty. Moreover, we reject defendants' contention that the tenant's vacatur of the premises reflected a negotiated settlement of the parties' dispute.
Defendants' presentation of evidence purporting to show that plaintiff misled them about the status of exterior work on the building, which work allegedly delayed tenant's ability to open their business, has no bearing on the enforceability of the lease so as to warrant vacatur of the judgments (see Foley, 227 AD3d at 544 ["Even aside from [provisions in the lease precluding any abatement arising from construction inconvenience, and stating that plaintiff made no representations with respect to the premises' condition], defendant failed to allege facts sufficient to show that [plaintiff] never intended to honor its construction timeline, further warranting dismissal of the fraudulent inducement counterclaim"]). The new evidence does not materially change that analysis, and, accordingly, further proceedings to establish the facts are unnecessary (see e.g. H & Y Realty Co. v Baron, 193 AD2d 429, 430 [1st Dept 1993]).
We deny plaintiff's request for sanctions in the form of a preclusive order at this stage (see e.g. Couri v Siebert, 48 AD3d 370, 371 [1st Dept 2008] ["The courts are not obliged to indulge the excesses of a pro se litigant at the expense of decorum, judicial economy and fairness to opposing parties"]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025